| 138 | 111 |
|-----|-----|
| f217 | ²444 |

</div>

## N. HOLTON ET AL. v. NEW CASTLE RY. CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY.

Argued October 13, 1890—Decided November 3, 1890.

1. A specification that "the court erred in overruling each and all plaintiffs' exceptions to the master's report," will not be considered. Specifications that the court erred "in sustaining the master's findings," or, "in confirming the master's report," are insufficient, unless clear error is pointed out.

2. A bill filed to enforce the rights of a corporation must be filed by and in the name of the corporation; if filed by a shareholder, it must contain an averment of a demand made upon the corporation to institute the suit, and of a refusal of the corporation so to do.

3. In a creditor's bill filed against a corporation, a mere reference to the plaintiff as a creditor, in the caption of the bill, is insufficient; there must be a specific averment, in the bill itself, of the facts showing the plaintiff's interest in the subject-matter of the suit.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, Mc-COLLUM and MITCHELL, JJ.

No. 112 October Term 1890, Sup. Ct.; court below, No. 2 May Term 1886, C. P., in Equity.

On August 13, 1887, according to the title of the cause in the court below, "Noble Holton, a stockholder, A. Treser and William Bryant, creditors, on behalf of themselves and other stockholders and creditors of the New Castle Northern Railway Company," filed a bill in equity against "the New Castle Northern Railway Company, George W. Johnston" and other individuals, praying upon the facts therein charged:

Statement of Facts.

1. That the said George W. Johnston and the other individual defendants be required to account for and pay the par value of certain shares of stock of said railway company, issued to A. C. Weaver & Co. in payment upon a construction contract.

2. That George W. Johnston, who had purchased the franchises, etc., of the said railway company, at judicial sale, for $30,100, and had sold the same to the New Castle & Shenango V. Railroad Co. for $250,000, should be declared a trustee for the said railway company; and that, after allowing him the actual amounts paid out for a certain claim against it and for the said purchase, the balance of the amount received on said sale should be applied first to the payment of the debts of the company, any remaining part to be divided pro rata among its stockholders.

3. For further relief.

The bill was not served upon the New Castle Northern Railway Co.; but, after answers filed by the defendants served, and amendments filed by both parties, issue was joined and the cause referred to *Mr. James A. Gardner*, appointed examiner and master, who on February 25, 1890, filed a report wherein, after full findings upon the facts generally, he found also that the record had been amended by striking off the name of William Bryant as one of the plaintiffs; that Noble Holton, another plaintiff, was not a creditor and was not averred or shown to be a stockholder, and moreover, he had not requested the New Castle Northern Railway Co. to bring the suit, and had not averred or shown why it could not; that the other plaintiff, Adam Treser, was neither averred in the bill nor shown by the evidence to be a creditor of said company; that the bill was defective because the New Castle Northern Railway Company had not been made a party by the service of the bill upon it; and that the averments of fraud in the bill were not sustained by the evidence;—citing and considering: Morawetz on Corp., §§ 383, 386, 585; 1 Daniell's Ch., 5th Am. ed., 319, 346, 361; Persch v. Quiggle, 57 Pa. 258; Coleman v. Ross, 46 Pa. 180; Eaton's App., 66 Pa. 483; Rowley's App., 115 Pa. 150; Brightley's Eq., §§ 57, 541, 548; Story's Eq. Pl., §§ 23, 26, 75, 78; Bickley v. Paul, 11 Phila. 256. The master, therefore, recommended a decree that the bill be dismissed.

Opinion of Court below.

Exceptions filed by the plaintiffs having been overruled by the master and renewed before the court on the filing of his report, after argument thereof the court, McMICHAEL, J., on April 28, 1890, filed an opinion in part as follows:

The original bill in this case does not contain sufficient averments to show that any of the parties to it are entitled to the relief for which they pray. It is stated in the caption, but is not alleged in the bill, that Noble Holton is a stockholder of the company named as defendant. It is conceded that to entitle him to relief it must be admitted, or proved, that he is in fact a stockholder. Then we have this condition of things; a fact essential to the plaintiffs' case is not alleged in the bill. And this is not the only fact of that character which is not alleged. Morawetz on Corp., §§ 383, 384, 385, 386, and Taylor on Corp., §§ 138, 139, 140, 141, and the authorities cited by these text writers, conclusively show that a stockholder cannot maintain a suit of this character, without alleging and proving some sufficient reason why the corporation itself does not bring the suit. There is no such allegation, and no such proof in this case. Still further; Adam Treser and William Bryant are described in the caption as creditors of the company named as defendant, but there is no averment in the bill that such is the fact. Wm. Bryant is not a party. If Adam Treser be not a creditor, then he has no business in court asking for the relief prayed for in the bill. The fact that he is a creditor is then an essential fact, and it is not alleged.

It is insisted that the defendants cannot now take advantage of these defects in the bill, because they relate to the character of the parties, and defendants should have demurred if they intended to avail themselves of these defects.

It is not correct to say that such defects relate to the character of the parties. They relate rather to the relation the plaintiffs have to the defendants. Let it be assumed that Noble Holton is in fact a stockholder, and that, before filing this bill, he had done everything necessary to be done to entitle him to maintain the suit. Then, the solicitors on both sides would concede that so far as character is concerned he might sue. But if he fail to allege the facts, which if alleged would show his right to an account, then this case fails, not because of his character as a party, but because he has not stated things

Opinion of Court below.

which it was necessary he should prove. If he had stated them, but failed to prove them, then the case would fail for want of proof. It fails now for the very same reason; that is, for want of proof. That is, the court does not know that he is a stockholder, and as such entitled to an account, because the court cannot hear any proof on that subject, it not being averred in the bill. Take another illustration: Suppose one member of a partnership file a bill against his copartner for an account. If he fail to prove that he was a partner, his case fails for the same reason. The court cannot then hear the evidence that he was a partner, and hence cannot learn that necessary fact. His failure is not because of his character as a party, but because he fails to prove a necessary fact. . . . .

The important facts are those which relate to the stock, called in the report and argument the A. C. Weaver & Co. stock; those which relate to whether the defendants were directors of, or had in their control or management the affairs of the New Castle Northern Railway Company, and were therefore occupying a fiduciary relation to that company at the time of the sale of the road; and those which relate to whether at the time of the sale of the road, there was any arrangement or agreement between them, or any of them, and W. W. Reed, to the effect that Reed should not bid against George W. Johnston at the sale of the road. The learned master has found the facts to be against the plaintiffs on all three of these subjects. His report has evidently been prepared with great care, and after a studied consideration of the evidence, and it is full and complete. An examination of the evidence which was before him shows that he did not find any fact against the plaintiffs without sufficient evidence to fully justify the finding, nor without the clear weight of the evidence being in favor of the conclusions which he reached.

A decree having been entered dismissing the exceptions filed, confirming the report of the master, and dismissing the plaintiffs' bill, the plaintiffs took this appeal, specifying that the court erred:

1. "In overruling each and all plaintiffs' exceptions to the master's report."

2. In holding that "the original bill in this case does not

Opinion of the Court.

contain sufficient averments to show that any of the parties to it are entitled to the relief for which they pray."

3. In holding that the master " did not find any fact against the plaintiffs without sufficient evidence to fully justify the finding, nor without the clear weight of the evidence being in favor of the conclusions which he reached."

4. In confirming the master's report dismissing the bill.

*Mr. R. B. McComb* (with him *Mr. Malcolm McConnell* and *Mr. Geo. W. Haskins*), for the appellants.

*Mr. D. B. Kurtz* (with him *Mr. L. T. Kurtz* and *Mr. J. Norman Martin*), for the appellees.

PER CURIAM:

A careful examination of this voluminous record fails to disclose substantial error. The case has been so intelligently and fully discussed by both the learned master and the court below that any extended comments here are unnecessary.

There are four assignments of error. The first does not conform to the Rules of Court. The second alleges that the court erred in holding that " the original bill in this case does not contain sufficient averments to show that any of the parties to it are entitled to the relief for which they pray." There are several serious defects in the bill. It is sufficient to point out one which fully justifies the ruling of the court. The bill was filed by Noble Holton, as a stockholder, to enforce the rights of the railway company. It is settled law that such suit must be brought by and in the name of the corporation; or, if brought by a shareholder, the bill must contain an averment of a demand by the shareholder upon the corporation to bring suit, and a refusal to do so. This is familiar law, and does not need the citation of authority. In addition, the bill is defective for want of proper parties, and lacks essential averments. The third assignment alleges that the court erred in sustaining the master's findings of fact, and the fourth is the general assignment that "the court erred in confirming the master's report." If the master has erred in his findings of fact, it has not been made to appear. Unless clear error is pointed out, we cannot be expected to go through a vast mass of testimony to re-find

Syllabus.

the facts.   Both the court below and the master agree that the allegations of fraud are not sustained, and in this we think they were right.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.