## HOLTON v. WALLACE et al.

### (Circuit Court, W. D. Pennsylvania. February 2, 1895.)

**1. EQUITY PLEADING—MULTIFARIOUSNESS.**

A bill in equity set up—First, an alleged liability to a corporation of one person as assignee of unpaid stock, and an alleged joint liability with him of five others by reason of collusion with him to defraud creditors of the corporation; and, second, an alleged liability of five of the same defendants for fraudulent conduct in connection with a sale of the railroad belonging to the corporation. *Held*, that the bill was multifarious, the two causes of action being distinct, presenting independent cases for relief, and requiring different proofs and different decrees.

**2. CORPORATIONS—SUIT BY STOCKHOLDER ON BEHALF OF CORPORATION.**

A suit brought by a stockholder of a corporation to enforce rights existing in the corporation cannot be sustained, where it is not alleged that any attempt has been made to secure redress through the corporation, or through a receiver in charge of its property, and where neither the corporation nor the receiver is made a party to the suit.

**3. SAME—RIGHTS OF STOCKHOLDER IN DEFAULT.**

It seems that a stockholder of a corporation who is himself in default upon his subscription has no standing in equity to seek to impose a liability upon other subscribers for stock subscriptions.

**4 ESTOPPEL—ACTS OF DIRECTORS.**

It seems that, where the directors of a corporation had approved the making of a contract, a member of such board, who participated in its action, cannot afterwards, as a stockholder, object to such contract, as a wrong to the corporation.

R. B. McCombs, for complainant.

W. D. Wallace, D. B. Kurtz, L. T. Kurtz, and Dana & Long, for defendants.

ACHESON, Circuit Judge. This bill was brought by Forbes Holton, as a stockholder of the New Castle Northern Railway Company, "on behalf of himself and other stockholders of said company," a corporation of the state of Pennsylvania, against C. S. Wallace and several other individuals, citizens of Pennsylvania, to enforce alleged rights of the corporation. No one has intervened, and the suit stands as when brought. The bill was filed on December 2, 1892. It sets up two causes of action: First. The liability to the corporation of the defendant C. S. Wallace as assignee of certain unpaid shares of capital stock, and the alleged joint liability with him, for the subscription price of said stock, of five other defendants, "by reason of their collusion, and their acquiescence, aiding, and abetting said Wallace in his schemes to cheat and defraud the creditors" of said company; which fraudulent behavior occurred, if at all, in the winter and spring of 1886. Second. The liability to the corporation of five of the same defendants for alleged fraudulent conduct connected with the sale of the company's railroad, etc., made January 12, 1887, by the receiver of the corporation, under an order of this court, and which sale was confirmed April 16, 1887.

The objection that the bill is multifarious seems well taken. The two assigned grounds of action are entirely distinct. Each charge presents an independent case for relief; they require different proofs, and also different decrees, for at least one of the defend-

ants sought to be held is only answerable with respect to one of the two causes of action. The allegations of fraud which pervade the bill do not, I think, so connect the two matters as to avoid the objection of multifariousness.

There is, however, on the face of the bill, a still more serious objection, and a fatal one. Alleged rights existing in the railway company are the subject-matter of the litigation. Therefore, the right to sue is in the corporation. Now, the bill shows no effort whatever on the part of the plaintiff to secure redress through the corporation, either by application to the managing body or to the stockholders as a body, or through the receiver who was appointed by this court and has never been discharged. Whether or not the case is within the letter of the supreme court rule 94, it certainly is governed by principles settled by the court before the promulgation of the rule. Hawes v. Oakland, 104 U. S. 450. · The allegations in the nineteenth paragraph of the bill do not by any means fulfill the conditions which must coexist in order to enable a stockholder to maintain a suit in equity in his own name founded on a right of action existing in the corporation itself. Id. 460, 461. This bill, even upon its alleged facts, cannot be sustained consistently with the rulings there announced. The allegations of the nineteenth paragraph, however, are denied by the answer, and they are not supported by the proofs. Indeed, a contrary state of facts is shown. There was always a corporate organization capable of bringing suit, and it seems to have been controlled much of the time by persons friendly to the plaintiff. Then, too, it was always open to the plaintiff to procure the institution of a suit to enforce the rights of the corporation through the medium of the receiver. Upon the point under consideration, the supreme court of Pennsylvania is in accord with the supreme court of the United States, as appears from the case of Holton v. Railway Co., 138 Pa. St. 111, 20 Atl. 937, where it was held that a bill to enforce the rights of a corporation should be filed by and in the name of the corporation; or, if brought by a stockholder, must contain an averment of a demand upon the corporation to institute the suit, and of a refusal by the corporation to do so. Furthermore, here the corporation is not even made a defendant. Neither is the receiver. The only parties to the suit are Forbes Holton, on the one side, and on the other side certain individuals alleged to be under liabilities to the corporation. The corporation itself, whose rights are involved, is not in court. It is quite impossible to sustain the plaintiff's bill. I need not, then, consider the other special defenses, or go into the merits beyond the brief mention of two matters.

One-sixth of the shares of stock, the subscription value of which is involved in this suit, namely, 480 shares, of the par value of $24,000, were subscribed for by the plaintiff, Forbes Holton, but he never paid anything on them. Undoubtedly, he remains liable to the company for the amount of that subscription. Railroad Co. v. Clarke, 29 Pa. St. 146. Being thus himself in default, it is rather difficult to see what standing he has in a court of equity, as against the defendants, upon whom he seeks to impose the liability for

stock subscriptions. As George W. Johnson, the purchaser at the receiver's sale, and his associates, had acquired the paramount lien of the contractor, Simpson, by virtue of the assignment to them of the decree of this court in his favor, I see nothing wrong in the contract of January 12, 1887, between Johnson and William W. Reed. Besides, unquestionably, that contract was immediately made known to the board of directors of the New Castle Northern Railway Company, for, on the day of its date, the board, by a unanimous vote (the plaintiff himself, then a director, uniting therein), instructed the company's solicitor to withdraw the appeal which the company had taken from the decree in favor of Simpson; which withdrawal was a fundamental condition of the contract between Johnson and Reed. Accordingly, the appeal was withdrawn by the company, which thus promoted the consummation of the contract now assailed; and without objection on the part either of the company or of the plaintiff, Holton, the sale to Johnson was confirmed by the court.

The bill of complaint must be dismissed, with costs; and a decree to that effect may be prepared by counsel.