(Sup. Court of Cin'ti., Special Term, 1899.)

HENRY EGBERT ET AL. v. THIRD WARD BUILDING ASS'N CO. ET AL.

*Stockholder's action in behalf of corporation.*

1. Where by reason of the negligence of directors corporate funds, property or rights have been lost, and the corporation is under the control of the guilty parties, or refuses to sue when requested by a stockholder to do so, the stockholder himself may sue in his own behalf and in behalf of all other stockholders who may wish to come in, to compel the guilty parties to make good to the corporation the losses sustained.

*Pleading must show refusal to bring action.*

2. But in every case where the individual stockholder is allowed to bring his action for any injury done to the corporate body, he must state in his pleadings that the corporation or those who represent it are unwilling to prosecute, and, upon being requested to do so, have declined.

*Rule applicable to assignees and receivers—*

3. The rule stated in the preceding paragraph applies not only to the cases of corporations whose affairs are still in charge of their own elected officers but also to corporations whose affairs are in the hands of officers of the law, such as assignees and receivers.

*Exercise of equity powers—Collateral attack—*

4. Where a court has the power to appoint a receiver, which belongs to equity under certain circumstances, the exercise of that power, however erroneous, cannot be collaterally attacked.

---

DEMPSEY, J.

The record in this case fairly bristles with attacks made by the various defendants herein, directed against the petition, both as to the form and the sufficiency thereof. One of the objections raised by demurrer is as to the right of the plaintiffs herein to bring this suit. Plaintiffs allege that they are stockholders of the defendant corporation and bring the suit on behalf of all other stockholders who may desire to come in as well as on their own. Exclusive of the defendant corporation, the defendants are or were directors of the said corporation, past and present directors, and the grievances complained of are acts of omission and negligence on the part of such directors, whereby a great loss has been sustained by the defendant corporation, which the plaintiffs seek, on behalf of said corporation, to recover back from said directors. There is no averment that any application has been made to the acting directors, or to the stockholders as a body to bring such a suit, and a refusal or omission by them so to do, nor is there any averment which excuses or shows the futility of such a request, unless it be by implication from the averment that the last set of directors are made defendants and also charged with participation in the grievances complained of. There is an averment that on June 15, 1898, "the remaining assets of said corporation were placed in the hands of one Otway J. Cosgrave, as receiver of said company, and it ceased to continue business after said June 15, 1898." There is no averment made as to a request on the receiver to bring such an action as this, nor any attempt whatever to direct his attention and efforts to recover these alleged losses. Originally, the receiver was not made a party defendant herein, but on his own application he was brought in and he joins in the demurrer now being considered. The rule is now well settled, that when, by reason of the negligence of directors, corporate funds, property or rights have been lost, and the corporation is under the control of the guilty parties, or refuses to sue when requested by a stockholder to do so, then the stockholder himself may sue in his own behalf and in behalf of all other stockholders who may wish to come in to compel the guilty parties to make good to the corporation the losses so sustained. Cook on Corporations, sec. 701.

But "in every case where the individual stockholder is allowed to bring his action for any injury done to the corporate body, he must state in his pleadings that the corporation or *those who represent it,* are unwilling to prosecute, and upon being requested to do so, have declined. He may then commence his action." *Reder* v. *Heirs of Wade,* 2 Cinti. Sup. C. R. 18, 20; Cook on Corp. sec. 740.

And this rule applies not only to the cases of corporations whose affairs are still in charge of their own elected officers, but also to corporations whose affairs are in the hands of officers of the law, such as assignee, receiver, etc.

Thus in *Holton* v. *Wallace,* 66 Fed. 409, decided by the United States circuit court, western district of Pennsylvania, it was held that a suit brought by a stockholder of a corporation to enforce rights existing in the cor-

poration can not be sustained where it is not alleged that any attempt has been made to secure redress through the corporation, or *through a receiver in charge of its property;* and this case was affirmed by the United States circuit court of appeals in 77 Fed. 61. The rules as to receivers is carried further than this. Thus in *Swope* v. *Villard*, 61 Fed. 417, it is said that

'"Receivers are merely officers of the court. The management of the affairs of the company is taken by the court; by the receivers only as its officers. A request for action by the receivers is not complete until it reaches the court itself, to which the receivers are responsible. Neglect of such request, or even the refusal of such a request by the receivers alone certainly can not\justify a stockholder in usurping the receivers' functions, by prosecuting in another court a cause of action which the receivers should have prosecuted. It is the fundamental doctrine, in regard to such stockholders suits as this, that the stockholder must have exhausted reasonable effort to cause action to be taken by the proper managers of the company's affairs; such reasonable effort is not exhausted when the management is in a court until such court has been asked to act, or to direct action by its receivers."

And the Supreme Court of the United States in *Porter* v. *Sabin*, 149 U. S. 473, really justifies these decisions. The syllabus of that case is as follows:

"After a state court has appointed a receiver of all the property of a corporation, and while the receivership exists, stockholders can not bring a suit against the officers in a court of the United States for fraudulent misappropriation of its property without making the receiver as well as the corporation a party to the suit, although the state court has denied a petition of the receiver for authority to bring the suit as well as on application of the stockholders for leave to make him a party to it.

In the course of its opinion the court says:

"The right to maintain a suit against the officers of a corporation for fraudulent misappropriation of its property is a right of the corporation; and it is only when the corporation will not bring the suit that it can be brought by one or more stockholders in behalf of all. The suit when brought by stockholders is still a suit to enforce a right of the corporation and to recover a sum due to the corporation; and the corporation is a necessary party in order that it may be bound by the judgment. If the corporation becomes insolvent, and a receiver of all its estate and effects is appointed by a court of competent jurisdiction, the right to enforce this and all other rights of property of the corporation vests in the receiver, and he is the proper party to bring suit, and if he does not himself sue should properly be made a defendant to any suit by stockholders in the right of the corporation.

And at its close the court says:

"When a court exercising jurisdiction in equity appoints a receiver of all property of a corporation, *the court assumes the adminis tration of the estate;* the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. It is for the court in its discretion to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may have him to adjust and settle them without suit as in its judgment may be most beneficial to those interested in the estate."

The logic of this case is, that the court having absolute control, charge and disposition of the insolvent corporation's affairs and assets, through its receiver, is to be first asked to initiate action before stockholders can move in their own behalf. The plaintiff, however, claims that the appointment of Cosgrave as receiver was *null* and *void* because of want of jurisdiction in the court to appoint; and reliance is had upon *North Fairmount Build* cently decided in the General Term, and *C. ing & Savings Co.* v. *Rehn*, 6 N. P. 185, re- *H. & D. R. R. Co.* v. *Duckworth*, 2 C. C., 518. Neither of those cases establishes the principle that equity can in no event appoint a receiver for a corporation. The North Fairmount case leaves that question open, and conceding it, held that under the facts of that case it was unwarranted. The Duckworth case, expressly claims the power under certain circumstances, to belong to courts of equity. That is my opinion. Now if the court has the power, any exercise of the power, however erroneously done, can not be collaterally attacked, and this disposes of the receivership question.

The demurrer for want of capacity to sue is sustained.

*Closs & Luebbert,* for Plaintiffs.

*O. J. Cosgrave,* for Receiver.

*A .L. Herrlinger, J. C. O'Connell, Maurice Galvin, W. A. Davidson, K. F. Topp, G. W. Mallon, Fred Hertenstein,* for various Defendants.