### BIMBER v. CALIVADA COLONIZATION CO. et al.

#### (Circuit Court, W. D. Pennsylvania. July 6, 1901.)

#### No. 28.

CORPORATIONS—SUIT BY STOCKHOLDER—WHEN MAINTAINABLE.

To entitle a stockholder in a corporation to maintain a suit in equity in a federal court for the cancellation of stock alleged to have been fraudulently issued by the directors, the bill must show a demand on the corporation, or its receiver, where one has been appointed, to sue, and a refusal, as required by equity rule 94, and also that complainant was a stockholder at the time of the transaction complained of, or that his shares devolved on him since by operation of law.

In Equity.

J. H. McCreery, for G. L. Bimber.
Frank W. Smith, for M. D. Hays.

ACHESON, Circuit Judge. The Calivada Colonization Company, one of the defendants, a corporation of the state of Colorado, was organized on March 13, 1895, and on that day elected a board of directors; M. D. Hays, a defendant here, being elected a member and president of the board. On the same day (March 13, 1895) the board of directors adopted the following resolution, which was entered upon the minute book of the company:

"Resolved, that the board of directors of the Calivada Colonization Company, in consideration of the services, efforts, and information acquired and money expended by M. D. Hays in behalf of the company, hereby directs the issue to him of 126,000 shares of the capital stock, at the par value of one dollar each, in compensation therefor."

Soon thereafter M. D. Hays was credited on the stock books of the company with 126,000 shares of full-paid and nonassessable stock, and certificates therefor were issued. At the annual meeting of the stockholders of the company held on March 17, 1896, as appears from the minute book of the company, the following resolution was adopted:

"Moved by F. L. Banta: The members of this company present ratify all the acts of the former boards of directors during the years of 1895, and up to March 17, 1896, at this meeting of the stockholders. Seconded by F. K. Higbie. Carried."

This suit was brought on October 30, 1900, by G. L. Bimber, the owner of 200 shares of the stock of said company, each of the value at par of one dollar. The bill does not state, nor does it oth-

erwise appear, when he became the owner of these shares of stock, but it was certainly after the transactions of which he complains in his bill. On January 2, 1901, F. C. Kohne intervened as a plaintiff herein. He is the owner of 2,600 shares of the stock of said company, each of the value at par of one dollar. He became such owner on July 2, 1896, after the transactions complained of in the bill. The defendants in the bill are the Calivada Colonization Company, A. C. Hays, its receiver, the said M. D. Hays, and a large number of persons who are holders of shares of the above-mentioned stock issue of 126,000 shares, most or all of whom are transferees of said M. D. Hays. The whole capital stock of the company consists of 250,000 shares. The bill alleged that the resolution of the board of directors of March 13, 1895, and the issue of stock thereunder, were without consideration and fraudulent, and also were ultra vires; and the purpose of the bill is to annul this action of the board of directors as fraudulent, and to avoid the entire issue of 126,000 shares of stock to M. D. Hays in his hands, and in the hands of those holding under him. The main prayers of the bill are that the court decree "that each and every share of said stock aggregating 126,000 shares, as scheduled in Exhibit A, be declared invalid, issued without consideration, in violation of law and the rights of bona fide holders and purchasers of the stock of the said company"; that said stock be adjudged canceled; "and that the defendant company be relieved from and absolved from all responsibility for the issue of said stock." M. D. Hays filed an answer for himself, and also an answer as agent for some of his transferees, denying all the material allegations of the bill upon which the supposed rights of the plaintiffs to the relief sought rests. The answer of M. D. Hays, among other things, avers that at the time the resolution of March 13, 1895, was passed, it was agreed to by every person who then owned any stock in said company, and he so testifies.

I do not feel called on to consider or express an opinion upon any question touching the validity of this issue of stock, because it is clear to me that the two stockholders here suing cannot maintain this bill. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Dimpfel v. Railway Co., 110 U. S. 209, 3 Sup. Ct. 573, 28 L. Ed. 121; Equity Rule 94; Holton v. Wallace, 39 U. S. App. (third circuit) 326, 23 C. C. A. 71, 77 Fed. 61; Holton v. Railway Co., 138 Pa. 111, 20 Atl. 937; Cook, Stocks & S. §§ 646, 740. These authorities sustain the following propositions: These plaintiffs show no individual cause of action or personal injury to themselves, or either of them. If any injury was done here, it was to the whole body of the stockholders. As the alleged wrong was to the entire body of shareholders, and actual fraud is alleged to have entered into the transaction, the right to enforce any cause of action arising therefrom, or to equitable relief, belongs primarily to the corporation. No stockholder has any standing in a court of equity to maintain a bill for relief against such a wrong as is here complained of without averring and showing a demand upon the corporation or upon its receiver to sue, and a refusal so to do. Moreover, he must also allege and show that he was a stockholder at the time of the

transactions complained of, or that his shares devolved on him since by operation of law. These plaintiffs wholly fail to present such a case. It is immaterial that this suit purports to be ancillary to the suit in which the receiver was appointed. This bill must stand or fall upon its own showing and merits. In parties, subject-matter, and purpose, it differs from the former bill, which was simply the ordinary bill against a corporation for the appointment of a receiver. As these plaintiffs cannot maintain their bill, it must be dismissed. And now, July 6, 1901, for the reasons stated in the foregoing opinion, it is ordered, adjudged, and decreed that the bill in this case be, and it is, dismissed, with costs.