EILA H. McKEE,

*vs.*

JOSEPH A. ROGERS and STANDARD MINERALS CORPORATION, a corporation of the State of Delaware.

*New Castle, July 22, 1931.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for complainant.

*Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, for defendants.

THE CHANCELLOR: The first point made by the demurrants is that the bill shows that a receiver has been appointed for the corporation by the District Court of the United States for the District of New Hampshire, and therefore the complainant has no standing in this court to sue to recover in the corporation's behalf, because the right to recover is one belonging not to the corporation but to the receiver. In answering this contention it is important to bear in mind the facts attending the appointment of the New Hampshire receiver. They are in substance as follows: A bill was filed by one Smith in the United States District Court (New Hampshire) against the defendants herein and others charging certain frauds to have been committed against the Standard Minerals Corporation by

Rogers, its then president, and seeking in behalf of the corporation appropriate relief in redress of the same. That court, the pending bill alleges, "as auxiliary relief * * * appointed one Burns P. Hodgman to be temporary receiver of the assets of the defendant corporation that were within the jurisdiction of the court making such appointment and, as the complainant is informed and believes and therefore avers, the said temporary receivership is still in existence." The defendants contend that only the receiver so appointed can assert the corporation's right to recover against Rogers; that as the corporation itself could not, so the complainant as stockholder cannot in its behalf. After full hearing the Federal Court in New Hampshire entered a decree granting relief in the suit before it. Among the numerous phases of the relief granted by it was one decreeing that the Standard Minerals Corporation recover from Rogers $195,098.24 with costs and that judgment be entered against him in that amount in favor of Standard Minerals Corporation. Just when the receiver was appointed, does not appear; but that his appointment antedated the decree is evident from the terms of the decree itself wherein the receiver was directed to do certain things.

It is to be noted that the decree did not direct the money to be paid to the receiver. Its language was that the corporation should recover the amount named from Rogers and that it should have judgment for that amount. Nor did the decree direct the receiver theretofore appointed to take steps to collect the judgment.

That a cause of action belonging to a corporation may and should be asserted by a general receiver appointed for it, was held in *Du Pont v. Standard Arms Co.*, 9 *Del. Ch.* 324, 82 *A.* 692. The kind of receiver to which the court referred in that case, however, was a general receiver in whom title to the corporate assets was vested. The receiver appointed in New Hampshire was not a receiver of that sort. He was a receiver appointed simply for an auxiliary purpose in the New Hampshire suit. His appointment was

only temporary and his authority was limited to that of a receiver of local assets merely. From the bill it is to be gathered that he was a mere custodian receiver to serve *pendente lite.*

While a general receiver with title vested in him may as a matter of comity be recognized for purposes of suit in jurisdictions foreign to his appointment, yet I know of no case where an equity receiver, appointed as temporary custodian of local assets, has ever been extended the right to sue in assertion of causes of action in courts outside the jurisdiction of his appointment. Indeed even where the receiver was a general one, appointed by a court of the corporation's domicile, yet if there was no transference of title to him either by formal instrument or by operation of law, the Supreme Court of the United States has held that he cannot represent the corporation as plaintiff in a suit instituted outside the jurisdiction of his appointment, notwithstanding the appointing court undertook to confer authority in that behalf. *Great Western Mining Co. v. Harris,* 198 *U. S.* 561, 25 *S. Ct.* 770, 49 *L. Ed.* 1163; *Lion Bonding Co. v. Karatz,* 262 *U. S.* 77, 43 *S. Ct.* 480, 67 *L. Ed.* 871. The authority of a receiver over local assets appointed in New Hampshire, to act outside that jurisdiction as the representative of the corporation is less apparent than would be that of a so-called general receiver, which in the judgment of the Supreme Court of the United States, as expressed in the two cases just cited, is insufficient, without transfer of title, to support a suit by the receiver in a jurisdiction foreign to that of his appointment.

It follows from the foregoing, that the receiver appointed in New Hampshire has no right to sue Rogers in this State for a recovery of the amount decreed by the Federal Court in New Hampshire to be paid by him to the defendant company. This being so, the complainant in suing in behalf of the corporation creditor is not pursuing a remedy which the New Hampshire receiver is entitled to assert.

The defendants contend also that the complainant cannot sue here unless application has first been made to the New Hampshire Court and permission granted to bring the suit in displacement. of the right of that court's receiver. Inasmuch as the authority of the New Hampshire court was so limited that the receiver there would have no right to sue here, it is difficult to see why application of the kind referred to should have been made. Had it been, I have no doubt that the New Hampshire Court would have responded by pointing out that because it had never assumed to confer authority upon its receiver to sue outside of its jurisdiction, there could hardly be a basis for granting the requested leave. Why should any one ask to be exempted from the implications of an authority never conferred?

The cases cited by the defendants in support of their contention that the complainant cannot sue here except by leave of the New Hampshire Court are not in point for in all of them the receivers had been appointed with much broader powers than were conferred by the New Hampshire Court in the case before it. In all of them the receiverships were general and in those of them that I examined with some care all the title of the corporation to its assets had passed to the receiver.

It is also urged that a demand upon the New Hampshire receiver that he sue and a refusal on his part is an indispensable prerequisite to the complainant's right to sue. I think not. The New Hampshire receiver having no right, a demand upon him was unnecessary.

Another objection urged by the demurrants is that the complainant has shown no *ultra vires*, illegal, fraudulent or oppressive action by the responsible managers of the corporation connected with the collection of the judgment; that its collection lies in the field of the managing body's discretion and that therefore the complainant as a stockholder has no standing to assert the cause of action in the corporation's behalf. Of course a stockholder cannot be per-

mitted as a general rule to invade the discretionary field committed to the judgment of the directors and sue in the corporation's behalf when the managing body refuses. This rule is a well settled one. But equally well settled is the exception to it, that a stockholder may sue in equity in his derivative right to assert a cause of action in behalf of the corporation, without prior demand upon the directors to sue, when it is apparent that a demand would be futile, that the officers are under an influence that sterilizes discretion and could not be proper persons to conduct the litigation. It was so decided by the Supreme Court of this State in *Sohland v. Baker*, 15 *Del. Ch.* 431, 141 *A.* 277, 58 *A. L. R.* 693. Now the bill in the instant case alleges that the defendant Rogers controls the board of directors of Standard Minerals Corporation, his creditor. It is manifest then that there can be no expectation that the corporation would sue him, and, if it did, it can hardly be said that the prosecution of the suit would be entrusted to proper hands.

It is next urged that as the bill shows a derivative suit to be pending in New Hampshire (the suit in which the money judgment was decreed) the purpose of which is to recover from Rogers on behalf of the corporation any sums he may owe it, the present derivative suit against him will not lie. The suit there and the suit here are different. There, the suit was to recover for frauds alleged against Rogers and the court decreed *inter alia,* by way of redress for those frauds, that Rogers should pay the corporation the sum of $195,098.24. This is a derivative suit, not to redress the wrongs there complained of, but to collect a judgment there obtained. Property is located here which the complainant wants seized in satisfaction of the corporation's judgment. It is a suit in short on a foreign judgment, which happens to fall in a court in equity only because the corporation will not prosecute it in a court of law in its own name. There is no obligation on the part of the corporation or of those who under the special circumstances

are entitled to speak for it, to seek to collect the debt in New Hampshire alone. It may be that the debt is not collectible in New Hampshire. The corporation creditor, or some one entitled to speak for it, is entitled to come here where property is located, and seek satisfaction.

It is objected further that an appeal has been taken to review the New Hampshire decree and that there can be no recovery pending the appeal. But, the bill alleges, no supersedeas bond has been given on appeal. That being so, the corporation-creditor, or the complainant acting in its behalf under the circumstances disclosed, is at liberty to press for collection.

Lastly, the objection is made that the bill fails to show that Rogers has never paid the sum decreed against him by the New Hampshire Court. This objection is well taken.

The demurrer will be sustained solely because of the objection lastly referred to. Order accordingly.