## WACHSMAN et al. v. TOBACCO PRODUCTS CORPORATION OF NEW JERSEY.

### No. 7916.

Circuit Court of Appeals, Third Circuit.

Argued March 20, 1942.

Decided June 30, 1942.

David Friedenberg, of Jersey City, N. J., and Meyer Kraushaar, of New York City, for appellants.

Thomas McNulty, of Jersey City, N. J. (Milton, McNulty & Augelli, of Jersey City, N. J., on the brief), for appellee.

Before MARIS and JONES, Circuit Judges, and KIRKPATRICK, District Judge.

JONES, Circuit Judge.

The plaintiffs, as stockholders of Tobacco Products Corporation of Delaware[1] (hereinafter referred to as "Delaware Products") in behalf of themselves and of other like stockholders similarly situated filed a complaint in the United States District Court for the District of New Jersey against Tobacco Products Corporation of New Jersey[2] (hereinafter referred to as "New Jersey Products") seeking to enjoin New Jersey Products from abandoning a certain claim against the United States for a tax refund and further seeking the appointment of a receiver for New Jersey Products for the purpose of prosecuting the claim for refund. The action may be said to be a derivative suit by representation once removed. The plaintiffs are not stockholders of the defendant corporation whose conduct they would have the court correct and control. Delaware Products owns the entire capital stock of New Jersey Products, the defendant.

Delaware Products at the time of the institution of the present suit was, and for some time prior thereto had been, in the hands of a dissolution receiver appointed by the Delaware Court of Chancery in a proceeding pending therein. On motion of the defendant pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court below dismissed the complaint on the ground that it failed to state a cause of action against the defendant for which relief could be granted while the subject matter of the action was within the grasp and control of the Delaware Court of Chancery. It is from this adjudication that the plaintiffs appeal.

The facts from which the plaintiffs assert a cause of action on the part of New Jersey Products are many and complicated. They concern the corporate conduct not only of New Jersey Products and Delaware Products but also of two other corporations, Tobacco Products Corporation (a Virginia corporation, hereinafter referred to as "Virginia Products") and United Stores Corporation (a Delaware corporation, hereinafter referred to as "Stores"). It would confuse rather than clarify the situation material to the legal question here involved to recite in detail the ramification of corporate acts and interests which the complaint alleges. The merit of New Jersey Products' claim for tax refund is not before us. We have for review the action of the court below in dismissing the complaint on technical grounds.

It is sufficient to say that New Jersey Products and Delaware Products evolved out of a plan for the reorganization of Virginia Products, whereof Stores was the preponderantly majority stockholder. As a result of the plan, when effectuated, Delaware Products became the owner of the entire capital stock of New Jersey Products, and Virginia Products the owner of the entire

---

[1] Incorporated under the laws of Delaware.

[2] Incorporated under the laws of New Jersey.

capital stock of Delaware Products. The holdings of Virginia Products in stock of Delaware Products and debentures of New Jersey Products were distributed to stockholders of Virginia Products in liquidation. Virginia Products was thereupon dissolved. Stores is the majority stockholder of Delaware Products. The plaintiffs own in the aggregate 1,100 shares of the company's outstanding stock of 32,966 shares.

The claim of New Jersey Products for tax refund grew out of an assessment made by the Commissioner of Internal Revenue (and a seizure because thereof) for income determined to have been realized by New Jersey Products upon its disposition of an asset which it had received from Virginia Products under the plan of reorganization.

Pursuant to action duly taken by the stockholders of Delaware Products on September 3, 1939, a suit for the dissolution of that corporation was filed on October 27, 1939, in the Delaware Court of Chancery under Sec. 43 of the Delaware General Corporation Law, Rev.Code 1935, § 2075, and a receiver of the corporation in dissolution was thereupon appointed by the Chancellor. The plaintiffs instituted the present action on December 13, 1940, to, enjoin, *inter alia,* the receiver of Delaware Products from causing New Jersey Products' claim for tax refund to be abandoned. The receiver had been directed by decree of the Delaware Court of Chancery on August 10, 1940, to act to that end. The plaintiffs allege that the abandonment of New Jersey Products' claim for tax refund will harm New Jersey Products and benefit only Stores, which, upon abandonment of New Jersey Products' claim and under settlement arranged with the Commissioner of Internal Revenue, will be relieved from transferee proceedings instituted against Stores in respect of the unpaid portion of the tax assessed against New Jersey Products. The plaintiffs further allege that the transferee liability of Delaware Products for the unpaid portion of the tax assessed against New Jersey Products expired by limitation on June 16, 1940.

Under Rule 23 (b) of the Federal Rules of Civil Procedure it was incumbent upon the plaintiffs to set forth with particularity their efforts to secure from the managing directors or trustees of the defendant corporation the action with respect to the right which they now assert in behalf of the corporation or give the reason for their inability to obtain such action or the reason for their failure to make an effort in that regard. In intended excuse for the failure to move the directors of New Jersey Products for consonant action, the plaintiffs aver that they "did not make any effort to cause the directors of the defendant corporation to refrain from abandoning the said claim for refund and to proceed with the prosecution of said claim, for the reason that, * * * the directors of the defendant corporation are identical with the directors and officers of United Stores Corporation" which, as alleged, will benefit "by the proposed abandonment of said claim and the consummation of said proposed settlement." The complainants further aver that the Delaware receiver is not "in a position" to act for the enforcement of the tax claim as he had not caused the officers and directors of New Jersey Products to resign and had not taken any steps to secure a receivership of New Jersey Products but "on the contrary, by obtaining, upon his own petition, the aforesaid order of the Court of Chancery of Delaware on August 10th, 1940, has taken active steps to consummate the settlement with the United States Treasury Department."

If, for the sake of the argument, we look through the corporate entity of Delaware Products and treat the plaintiffs substantially as stockholders of New Jersey Products, still it affirmatively appears from the complaint that the plaintiffs made no request of the directors of New Jersey Products for action looking to the prosecution of that company's claim for refund. The plaintiffs seek to excuse their failure so to act on the ground that the officers and directors of New Jersey Products and of Stores are identical, coupled with the further allegation that Stores stands to profit by the abandonment of New Jersey Products' claim for refund. But the motive thus impliedly ascribed as impelling the conduct of the directors of New Jersey Products does not exist in fact. Stores would profit more from the successful prosecution of New Jersey Products' claim for refund than it would by the abandonment of that claim and the discontinuance of the transferee proceeding against Stores. Stores' transferee liability arises out of its receipt as a stockholder of Delaware Products of distributions derived by the latter company as a stockholder of New Jersey Products. The primary income tax liability was assessed

against New Jersey Products. If New Jersey Products either did not rightly owe the tax assessed or paid more on account thereof than was properly due, a refund would not only wipe out the balance due on New Jersey Products' primary liability but it would at the same time relieve Stores of its transferee liability. Unless there be a primary liability there cannot be a transferee liability. Furthermore, Stores, as the largest stockholder of Delaware Products, the owner of New Jersey Products, would benefit by way of such a refund. The reason assigned by the plaintiffs for failing to demand action of the directors of New Jersey Products lacks substance and is therefore legally insufficient as a compliance with Rule 23 (b) of the Federal Rules of Civil Procedure.

On the other hand, if the plaintiffs as stockholders of Delaware Products are committed to the receiver of that company for action in respect of a subsidiary's property rights, the plaintiffs are no better off for, as the complaint discloses, they made no demand of the receiver for action. They say that to have done so would have been useless in view of the receiver's action in seeking directions of the Delaware Court of Chancery with respect to the abandonment of New Jersey Products' claim for refund, and they further contend that the receiver is not vested with title to the assets of Delaware Products and therefore could not sue in New Jersey. We shall first consider the reason last given.

 While we have found no decision by a court of Delaware which holds that a receiver appointed by the Court of Chancery of that state for the dissolution of a corporation may sue beyond the territorial limits of Delaware to enforce, obtain, or protect the rights and properties of the corporation in dissolution, it is our opinion that such is a dissolution receiver's power under the law of Delaware. The appellants cite us no case to the contrary.

 By § 2075 of the Revised Code of Delaware (1935), under which the dissolution receiver for Delaware Products was appointed, he became vested "with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper" for the purposes of his appointment. It is the appellants' contention that the power of a Delaware receiver may not be exerted beyond the territorial limits of that state unless he be vested with title to the corporate assets by the order of his appointment. However, under § 4408 of the Revised Code of Delaware (1935) receivers appointed by the Court of Chancery are vested, by operation of law, with title to the corporate assets as therein described (see footnote 6, infra). But the appellants argue that § 4408 is limited to insolvency receivers appointed under § 4407 of the Revised Code of Delaware (1935). This argument stems wholly from the relative positions of §§ 2075, 4407 and 4408 in the Code. The respective histories of the three sections would indicate that their relationship in the Code was no more than that they all happened to be embraced by the one revision. The power of the Court of Chancery to appoint insolvency receivers (now covered by § 4407 of the Code) was derived from a statute of 1891,[3] while § 2075, which authorizes the Court of Chancery to appoint dissolution receivers, embodies a like provision of a statute of 1899.[4] In 1913 the Delaware legislature enacted the statute[5] of which § 4408 is now the successor, vesting the title to corporate assets in receivers appointed by the Court of Chancery. There is nothing in that statute to indicate that its intended operation was to be restricted to instances of insolvency receivers. On the contrary, the language of the statute is general[6] and would seem to apply to all receivers appointed by the Court of Chancery save in the one instance (not here material) which the statute expressly excepted.[7] Furthermore, the statute of 1913 was enacted as a single and

[3] C. 181, 19 Del.Laws p. 359.

[4] C. 273, § 37, 21 Del.Laws p. 457, as amended by Act of 1925, c. 112, § 11, 34 Del.Laws p. 284.

[5] C. 194, § 1, 27 Del.Laws p. 479.

[6] The statute of 1913 provided in part that "The Receiver or Receivers appointed by the Chancellor, of and for any corporation created by or existing under the Laws of the State of Delaware * * shall * * * be vested by operation of Law, without any act or deed, with the title of such corporation to all its * * property, real, personal or mixed of whatsoever nature * * * except real estate situate outside the State."

[7] Section 3 of the Act of 1913 states that the provisions of the act are not to apply to receivers appointed *pendente lite.*

complete act and not in conjunction with any other act. It would be extending implication beyond the pale of reasonable basis to infer that these statutory provisions, as they priorly existed, took on a new meaning simply because of the relative positions they were given in the Code of 1935. We therefore conclude that under § 4408 of the Revised Code of Delaware a receiver appointed by the Court of Chancery for the dissolution of a corporation is vested with title to the corporate assets.

So vested, the standing of a dissolution receiver of Delaware to maintain a suit in behalf of the corporation in New Jersey would be recognized by a court of that state. Hurd v. City of Elizabeth, N.J. Sup., 41 N.J.L. 1, 5. See Laughlin, The Extraterritorial Powers of Receivers (1932) 45 Harvard Law Review 429, 448–451. If this be deemed unimportant for the reason that the matter is procedural,[8] in which instance state law does not control in a federal court, it is none the less true that a federal court will respect the right of a foreign receiver to the extent of entertaining a suit brought by such a receiver, jurisdictional grounds otherwise being present. Bernheimer v. Converse, 206 U.S. 516, 534, 27 S.Ct. 755, 51 L.Ed. 1163. Even a state court is required, as a matter of full faith and credit, to entertain a suit by a foreign receiver qualified to sue. Converse v. Hamilton, 224 U.S. 243, 260, 32 S.Ct. 415, 56 L.Ed. 749, Ann.Cas.1913D, 1292.

It was therefore necessary for the plaintiffs to be able to aver that they made an unavailing effort to obtain through the Delaware receiver the action which they desired in respect of the defendant corporation's tax claim or to set forth legally sufficient reasons for their failure so to act. Hawes v. City of Oakland, 104 U.S. 450, 461, 26 L.Ed. 827; Kelly v. Dolan, 3 Cir., 233 F. 635, 638, 639; Bimber v. Calivada Colonization Co., C.C.W.D.Pa., 110 F. 58, 59; Rule 23 (b), Federal Rules of Civil Procedure; 13 Fletcher, Cyclopedia of Law of Private Corporations (Perm. Ed.) § 5966. McKee v. Rogers, 18 Del.Ch. 81, 156 A. 191, 192, 193 intimates that, if the receiver is a general receiver, in whom title to the corporate assets is vested, a demand of him for action must be made by stockholders before they may maintain a derivative suit. But compare Toebelman v. Missouri-Kansas Pipe Line Co., D.C.D.Del., 41 F.Supp. 334, 340.

Here, the plaintiffs admit that they made no effort to obtain action by the receiver. They merely aver that the receiver was not "in a position" to act in the desired relation. This conclusion they base upon facts which do not support the inference. They make no showing of antagonism on the part of the receiver. He had done no more than submit to the Court of Chancery for its directions the proposed tax settlement which embraced the claim of the wholly owned subsidiary of the corporation of which he was receiver in dissolution. And, having received the court's directions, he acted accordingly, as he was bound to do. But so far as the averments of the complaint disclose, the receiver did not display antipathy at any time to the claim which the plaintiffs assert on behalf of the defendant corporation. The dismissal of the complaint was therefore proper.

The absence of a prior demand for corporate action requisite to a stockholder's right to sue derivatively (whether the plaintiffs be treated as stockholders of the defendant company or bound to act through the receiver of the corporation whose stock they actually own) renders it unnecessary for us to consider or decide whether, in any case, stockholders of a parent corporation may maintain a derivative action against a subsidiary corporation of which they are not stockholders.

The decree of the District Court is affirmed.

---

[8] See Comment, The Right of a Foreign Receiver to Sue in a Federal Court, (1941) 7 U. of Pittsburgh Law Review 211, 220.