## DeVAN et al. v. UNITED STATES et al.

District Court, D. New Jersey.
July 20, 1943.

Henry Swartz and Meyer Kraushaar, both of New York City, for plaintiffs.

Shelton Pitney and Blair Reiley, both of Newark, N. J., for corporate defendants.

William Piel, Jr., of New York City, for United Stores Corporation.

Charles M. Phillips, U. S. Atty., and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J., Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Homer R. Miller, Sp. Assts. to the Atty. Gen., for defendant, United States.

Hermon H. Hill and Arthur Roland, both of Washington, D. C., for Bureau of Internal Revenue.

MEANEY, District Judge.

The plaintiffs as shareholders of Tobacco Products Corporation of Delaware, hereinafter called the Delaware Corporation, filed a complaint against the United States of America and the Tobacco Products Corporation of New Jersey, hereinafter called the Jersey Corporation, a corporation wholly owned by the Delaware Corporation and United Stores Corporation, hereinafter called Stores Corporation, a corporation owning a majority of the stock in the Delaware Corporation. The suit is brought in their own behalf and in the behalf of all other shareholders similarly situated.

The Commissioner of Internal Revenue made an assessment for income taxes against the Jersey Corporation for 1935 in the sum of $4,967,890.40. The Collector of Internal Revenue collected on account thereof $725,638.27 by levy. The Government in addition to the claim for the balance against the Jersey Corporation had a possible transferee assessment claim against the Delaware Corporation involved herein. After the Government seized the tax, the Jersey Corporation was without assets. The Delaware Corporation directors and shareholders voted to dissolve their Corporation in September, 1939. As a step

in the dissolution, the Stores Corporation instituted an action in the Court of Chancery of the State of Delaware for the appointment of a receiver of the Delaware Corporation. A receiver was appointed by the Court and he took possession of all the assets of the Delaware Corporation, amongst them being all the stock of the Jersey Corporation.

The plaintiffs' contention is that the receiver of the Delaware Corporation has a cause of action against the Government for the return of the $725,638.27. They have made demands upon the receiver to start suit and cause the board of directors of the Jersey Corporation to institute similar proceedings. They claim to have demanded of the directors of the Jersey Corporation that they start a similar suit. The receiver after negotiation with the Government decided that he did not have a valid or subsisting claim against the Government and that it would be in the best interests of the Delaware Corporation that the claim for refund be relinquished since the Government was willing to forego all claims for the balance of the tax against all the parties involved herein. When this matter was brought before the Court of Chancery of Delaware, it made an order directing the abandonment of the claim. At that time the plaintiffs were given an opportunity to object to that procedure and to call attention to the merits of their own views. An appeal from that order has never been taken.

A prior complaint by one of the present plaintiffs and by predecessors in title of the other present plaintiffs against the Jersey Corporation (Wachsman v. Tobacco Products Corporation of New Jersey, D.C., 42 F.Supp. 174) was dismissed by the District Court. On appeal to the Circuit Court of Appeals, 3rd Circuit, (Wachsman v. Tobacco Products Corporation of New Jersey, 129 F.2d 815) the dismissal was upheld on the ground that the plaintiffs had not made prior demand for corporate action; the dismissal on that ground rendered it unnecessary for the court to decide the other questions involved. The plaintiffs in the present suit have endeavoured to meet the issue raised by the Circuit Court of Appeals.

In review, then, the plaintiffs as shareholders of the Delaware Corporation bring this action to recover monies which the Government received from a levy upon the Jersey Corporation in which the plaintiffs hold an interest based upon the fact that the Delaware Corporation is a stockholder in the Jersey Corporation. They bring this action after another tribunal has ordered abandonment of the claim. They ask this court to appoint a receiver for the Jersey Corporation with the view of having him distribute the monies recovered from the Government.

A motion has been made by the Government to strike the complaint.

Upon the facts set forth above, three very distinct questions present themselves for adjudication. First, will the court entertain a suit which is tantamount to a collateral attack upon a state tribunal? Second, has the United States consented to be sued by the present plaintiffs by virtue of 28 U.S.C.A. § 41 which authorizes inter alia suits for the recovery of taxes erroneously or illegally collected? Third, is it possible to get relief herein on a claim which is derivative?

The plaintiffs are shareholders of the Delaware Corporation which is in receivership under the authority of section 4408 of the Revised Code of the State of Delaware. It must be conceded that the Court of Chancery of Delaware was vested with full power to appoint a receiver for the Delaware Corporation. It also has been made clear that a receiver is the "universal successor of the corporation * * * the representative of its personality and powers after its life has been extinguished." Clark v. Williard, 292 U.S. 112, 54 S.Ct. 615, 616, 78 L.Ed. 1160; Atkins v. W. A. Harriman & Co., Inc., 2 Cir., 69 F.2d 63. Therefore, upon his appointment the possession of the receiver was the possession of the court, and the court through its process and orders directed the administration of the estate. Here the court directed the abandonment of the claim of the receiver against the United States for recovery of monies paid the United States by the Jersey Corporation. At the time the order was made the plaintiffs had ample time to object thereto or to present views contrary to those of the receiver. They did not do so. Furthermore, the plaintiffs have never taken an appeal to a higher Delaware tribunal, although such a course of action was possible. The right to determine whether a cause of action existed was within the exclusive jurisdiction of the Delaware

Court of Chancery and to permit the plaintiffs to maintain this action would be to flout the jurisdiction of that court. This court cannot lend itself to such a procedure.

■ It is clear that what rights the plaintiffs had to maintain an action for the benefit of the Delaware Corporation were lost to them upon the appointment of the receiver, since the right of action by the receiver to protect the interests of the corporation is exclusive. Swope v. Villard, 61 F. 417; Klein v. Peter, 284 F. 797; Porter v. Sabin, 149 U.S. 473; Atkins v. W. A. Harriman & Co., Inc., 2 Cir., 69 F.2d 63.

■ It is an ancient rule of law that a sovereign is immune from suit save as he consents to be sued. Thus the terms upon which the United States can be sued define this court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. In the instances where it may be sued, the Judicial Code provides:

"The district courts shall have original jurisdiction as follows: * * * Twentieth. Concurrent with the Court of Claims * * * of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced." 28 U.S.C.A. § 41.

■ It will be seen from this passage that the code contemplated the recovery of the monies by the parties who had originally paid them to the Government. The plaintiffs are not the taxpayers from whom the tax was collected. They are shareholders of a corporation in receivership, which corporation held an interest in the taxpayer corporation by the fact that it held stock therein. The plaintiffs' rights are doubly derivative and they are surely not the persons contemplated by the code.

■ Moreover, there appears no ground for a joinder of the United States with the other parties defendant in this type of action. Under the code, the jurisdiction of the District Court is concurrent with the Court of Claims; the Court of Claims does not have the jurisdiction of any suit against private parties.

The plaintiffs' rights, such as they may be, are purely derivative, and insofar as their claims against the United States are concerned they are doubly derivative.

It would seem to be the consistent practice of the United States Courts to refuse to entertain suits of such a doubly derivative nature. Sabre v. United Traction & Electric Co., D.C., 225 F. 601; Busch v. Mary A. Riddle Co. of Delaware, D.C., 283 F. 443; Goldstein v. Groesbeck, et al., D.C., 42 F.Supp. 419.

With regard to the relief prayed against the defendant, Tobacco Products Corporation of New Jersey, the suit is merely singly derivative.

■ The New Jersey Statute, R.S. 14:14–3, N.J.S.A. reads as follows: "When any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, or if its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, *any creditor, or any stockholder who owns at least ten per cent of the capital stock of the corporation,* may, by petition or bill of complaint setting forth the facts and circumstances of the case, apply to the court of chancery for an injunction and the appointment of a receiver or receivers or trustees. * * *" (Emphasis ours.)

The statute thus authorizes two types of persons to apply for receivership, (1) creditors and (2) stockholders, and in this latter sense the term is used to indicate true stockholders and not those holding rights derivative.

■ Under the circumstances, as set forth herein, it would seem that the plaintiffs' rights fail in the face of both the spirit and the letter of pertinent provisions and holdings of law.

The motion of the defendants for dismissal of the complaint is granted as to all defendants.