HELEN V. PATTERSON V. FRANK B. VINCENT, WILLIAM O. SMITH and JAMES A. BOUNDS.

(*August* 26, 1948.)

CAREY, J., sitting.

*Daniel J. Layton, Jr.*, for plaintiff.

*James M. Tunnell, Sr.* (of the firm of Tunnell and Tunnell) for defendants Vincent and Smith.

*Robert H. Richards, Jr.* (of the firm of Richards, Layton and Finger) for defendant Bounds.

Superior Court for Sussex County, Civil Action No. 10, June Term, 1947.

CAREY, J.

██ Prior to the adoption of the new rules of procedure in this State, the statute of limitations could be raised only by an affirmative plea and its application in any given case could not be tested by a demurrer to the declaration, even though the declaration showed on its face that the action might be barred. 1 *Woolley's Del. Prac.* 373. The new rules of procedure incorporated verbatim under their same designation Rules 9(f) and 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under 9(f), for the purpose of testing the sufficiency of a pleading, averments of time are material, and, under 12(b), the failure to state a claim upon which relief can be granted is a defense which may be made by motion. In the vast majority of federal cases where the matter has been considered, it has been held that the defense of limitations may be raised by motion to dismiss when the complaint itself shows that the action was not brought within the statutory period. 2 *Moore's Federal Practice (2d Ed.)* 2257, *Sec.* 12.10. In those instances where our present rule is exactly the same as the Federal rule, it is desirable to follow the interpretation placed upon it by the Federal Courts, especially where those Courts have been so nearly unanimous in their rulings, unless some good reason appears for adopting a contrary construction. I am therefore of the opinion that the motion to dismiss is a proper way of presenting this particular defense in this case. In fact, the plaintiff has not questioned this procedure.

In her brief, the plaintiff expressly admits that whatever statute of limitations is applicable would commence to run on the date the poisonous compound was prescribed

and furnished to the plaintiff, i.e., March 26, 1946, and not on the date she discovered the injury. The sole question for determination, therefore, is whether the one-year limitation on actions for personal injuries applies to this case, or whether the general three-year limitation is applicable.

■ It will be noted that the Act here involved is in no way concerned with the form of action that is brought. Furthermore, the Act is not expressly limited, as are statutes in some states, to injuries caused in any certain manner. On its face, it plainly covers all actions for the recovery of damages upon a claim for personal injuries. Many of the cases cited by the plaintiff are therefore not in point because the decisions are based upon statutes which are expressly limited to injuries caused by an assault, and the Courts have held malpractice not to be such an assault as is contemplated by the statute. This is true of *McClees v. Cohen,* 158 *Md.* 60, 148 *A.* 124; *Burke v. Maryland,* 149 *Minn.* 481, 184 *N.W.* 32; *Francis v. Brooks,* 24 *Ohio App.* 136, 156 *N.E.* 609; *White v. Hirschfield,* 108 *Okl.* 263, 236 *P.* 406.

Likewise, those few cases cited in the annotations found in 1 *A.L.R.* 1313 and 62 *A.L.R.* 1417, wherein the decisions turned upon a distinction in the form of action, are not applicable. In them, the result depended upon whether the suit was in reality a contract or a tort action. As indicated above, our statute contains no such distinction but, on the other hand, applies the limitation to all actions for personal injuries. Under the express wording of this statute, it makes no difference whether a claim for malpractice is based upon a breach of contract or upon negligence, nor does it matter whether the plaintiff has an election between the two forms of action.

Those cases in which Courts have interpreted a statute similar to ours are in accord with what has been said above.

I fully agree with what was said in *Bodne v. Austin,* 156 *Tenn.* 353, 2 *S.W.* 2d 100, 62 *A.L.R.* 1410, and *Klingbeil v. Saucerman,* 165 *Wis.* 60, 160 *N.W.* 1051, 1 *A.L.R.* 1311. In both of them, the statute was almost identical with ours.

The plaintiff relies rather heavily upon the case of *Menefee v. Alexander,* 107 *Ky.* 279, 53 *S.W.* 653 and the texts therein cited. It may be doubted if the Kentucky case is strictly in point because of certain provisions in the statute there under consideration. In any event, in so far as it may be opposed to the reasoning herein, I decline to follow it, since it is clearly against the great weight of authority. See *Klingbeil v. Saucerman,* 165 *Wis.* 60, 160 *N.W.* 1051, 1 *A.L.R.* 1313; 41 *Am. Jur.* 232; 34 *Am. Jur.* 84.

In speaking of this same statute, our Supreme Court, in *Lewis v. Pawnee Bill's Wild West Co.,* 6 *Penn.* 316, 66 *A.* 471, 474, 16 *Ann. Cas.* 903, after indicating that the language of the Act is plain and needs no construction to ascertain its meaning, said:

" 'The courts cannot create exceptions in favor of any class of persons, or cases, or in favor of particular cases, when the statute itself makes none, and no hardship which might result from an adherence to this rule can justify a court in departing from it and reading into the statute some qualification which the Legislature did not provide.'

"While speculations as to the reasons governing the Legislature are often misleading, it may be assumed that among the reasons for reducing the period of limitation in actions for personal injuries was that in actions of this character, the evidence being usually wholly oral, is liable to be lost by the death or absence of witnesses, failure of memory, and other causes."

These reasons for the adoption of the Act sug-

gest no legislative design to distinguish between injuries directly and forcibly caused and those resulting indirectly from a tort or breach of contract. Until such time as the Legislature deems these reasons to be no longer potent and demonstrates its decision by statutory amendment, this Court cannot read exceptions into this "plain and unambiguous" statute, regardless of the hardship suffered by any particular litigant. It is clear from the complaint that this is an action for damages upon a claim for alleged personal injuries; it has admittedly been instituted after the expiration of one year from the date on which liability arose; it therefore falls within the provisions of the one-year statute of limitations.

The motion to dismiss must be granted.