**James T. McNUTT and Elsie S. McNutt, Plaintiffs Below, Appellants,**

v.

**DELAWARE RACING ASSOCIATION, a Delaware corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

May 16, 1972.

Jay H. Conner, of Conner & Daley, Wilmington, for plaintiffs below, appellants.

Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM:

This is an appeal from summary judgment for the defendant in an action for damages sustained by the plaintiff as a result of a fall on the defendant's premises. The fall occurred in 1966; the action was brought in 1970. The limitations period was two years. 10 Del.C. § 8118.

We agree with the Superior Court's conclusion that this action is barred by the Statute of Limitations.

The plaintiff contends that because one doctor told her in 1966 that she was fully recovered, the period of limitations did not commence to run until another doctor advised her in 1968 that her then-current complaints resulted from the fall. To support this contention, the plaintiff relies upon Layton v. Allen, Del.Supr., 246 A.2d 794 (1968).

The reliance is misplaced. The exceptional limitations rule of *Layton*, a medical malpractice case in which the plaintiff did not know for seven years that a hemostat had been left in her body after surgery, does not apply to the usual tort case where, as here, the plaintiff knew of the wrongful act or omission at the time of its occurrence.

We do not reach the release issue.

Affirmed.