Ernest H. SONNE, Plaintiff Below, Appellant,

v.

Robert SACKS, Individually, et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Dec. 5, 1973.

Donald W. Booker, of Booker, Green, Shaffer, Berl & Wise, Wilmington, for plaintiff below, appellant.

Daniel L. Twer, of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellees.

Before CAREY and DUFFY, JJ., and MARVEL, Vice-Chancellor, sitting.

CAREY, Justice:

Ernest H. Sonne, a registered pharmacist, was employed by Parklynn Greenville Pharmacy, Incorporated (hereinafter P. G. Pharmacy) during 1968 and 1969. He brought this action in March, 1971, to recover $2,505.25, the total amount of several checks drawn on the pharmacy's account and made payable to appellant as consideration for his services from April 29, 1969, to December 30, 1969. Robert S. Sacks, was the sole owner of the pharmacy corporation. In 1969, he and his wife, M. Jean Sacks, established Marjean, Inc. (hereinafter Marjean), a Delaware corporation, for the purpose of changing the business from a pharmacy to a tavern. Mr. and Mrs. Sacks owned all of the stock of the new corporation, Marjean, until Mr. Sacks transferred his 50% interest to his wife in 1971.

Appellant sued Mr. Sacks and Mrs. Sacks individually, Marjean, P. G. Pharmacy, and

another corporation in which Mr. Sacks had an interest, Parklynn-Limestone Drugs, Inc. hereinafter P-L Drugs), a Delaware corporation. P. G. Pharmacy and P-L Drugs are no longer in business and are insolvent.

The Superior Court entered judgment for all defendants, finding that (1) neither of the Sacks is personally liable to Sonne; (2) P-L Drugs is not liable to Sonne; and (3) although the facts of the case suggest that P. G. Pharmacy and Marjean might have been liable to Sonne, appellant's action is barred by 10 Del.C. § 8110.[1] We reverse the lower Court's ruling that 10 Del.C. § 8110 bars appellant's action against P. G. Pharmacy, and hold that Superior Court was without jurisdiction to consider appellant's claim against the other four appellees.

## I

The trial court erred in holding that appellant's claim was barred by 10 Del.C. § 8110. While appellant's action was indeed begun more than one year after his cause of action accrued, the gravamen of his claim is an action upon the checks. He has sought no more than the aggregate amount of those checks ($2,505.25), plus interest; his complaint states that the checks were returned because the account contained insufficient funds; and the checks were admitted at the trial. It is incidental that he acquired those checks as consideration for his services to the pharmacy. The Legislature has determined that actions for wages are barred if not commenced within one year, but it has also specifically provided that "[w]hen a cause of action arises from a promissory note, bill of exchange, or an acknowledgment

under the hand of the party of a subsisting demand, the action may be commenced at any time within 6 years from the accruing of such cause of action." 10 Del.C. § 8108. A check is, of course, a "bill of exchange" within the meaning of 10 Del.C. § 8108. Garden Check Cashing Service, Inc. v. First National City Bank, 18 N.Y.2d 941, 277 N.Y.S.2d 141, 223 N.E.2d 566 (1966).

Our holding that the statute of limitations applicable here is 10 Del.C. § 8108 is consistent with the general rule that, if there is doubt as to which of two statutes of limitations applies, that doubt should be resolved in favor of the longer period. 51 Am.Jur.2d Limitation of Actions § 63 (1970). Since appellant's action is governed by the six-year limitation, and since P. G. Pharmacy has raised no other defense, we need not consider his argument that certain statements by an agent of P. G. Pharmacy tolled the running of the statute of limitations, nor need we discuss Sonne's contention that he was an independent contractor, rather than an employee. He is entitled to judgment on that claim against that defendant.

## II

The judgment against P. G. Pharmacy is probably of little value to the appellant. It has no assets, we are told. Possibly any tangible assets transferred by it without consideration to Marjean could be seized under an execution on this judgment under the Uniform Fraudulent Conveyance Act, 6 Del.C. § 1309, which permits a judgment creditor to ignore the conveyance and seize such assets on an execution. It appears, however, that this method of proceeding is here largely theoretical because the seizable assets allegedly transferred have lost their identity.

1. 10 Del.C. § 8110 provides:
    "No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based."

Actually, the appellant is primarily interested in securing a judgment against the other appellees, at least some of whom are apparently solvent. To accomplish that result, he must pierce the corporate veil. The question therefore arises whether he may do so in an action at law.

In our opinion, piercing the corporate veil may be done only in the Court of Chancery, when the purpose of the action is to obtain a judgment against individual stockholders or officers, or against other corporations which have received assets without consideration. We realize that in most states, little or no difficulty is presented because of statutory changes in the common law which have not been made in this state. With some specific exceptions, Delaware still follows the old distinctions between law and equity, probably more strictly than any other American jurisdiction. We still have separate courts of law and equity. Decisions of courts in other states on this point are accordingly of little help to us.

As we have suggested above, the corporate veil may possibly be pierced in the seizure of property under an execution at law under the Fraudulent Conveyance Act; a law court has broad powers over its own execution process, which is historically subject to the court's control. But we are not presently concerned with an execution, but with the right to sue the transferees and the individuals who made the transfers. The appellant's theory is that the individual defendants, who were the owners and officers of all three corporations, in fact treated them as if they were one and switched assets from one to another without regard to the corporate structure, with the result that P. G. Pharmacy was mulcted to the benefit of the others, leaving it with no assets to pay its debt. This is an argument which can be considered only in Chancery; the Superior Court had no power to pass upon the contention. Support for this view can be found in Damazo v. Wahby, 269 Md. 252, 305 A.2d

138 (Md.1973); E. M. Fleischmann Lumber Corp. v. Resources Corp. Int., 33 Del. Ch. 587, 98 A.2d 506 (1953); McKee v. Rogers, 18 Del.Ch. 81, 156 A. 191 (1931); 19 C.J.S. Corporations § 849, p. 279.

As to the defendants other than P. G. Pharmacy, the judgment below must be set aside, with permission to the appellant to request a transfer of the case against them to the Court of Chancery under 10 Del.C. § 1901. As to P. G. Pharmacy, the judgment must be reversed with instructions to enter judgment in appellant's favor.