528 F.2d 823
 91 L.R.R.M. (BNA) 2168, 78 Lab.Cas. P 11,233
 Walter A. READ, Appellant,
v.
LOCAL LODGE 1284, INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE WORKERS, AFL--CIO and Mr. S. J.
Bazela, Local Chairman, Local Lodge 1284, I.A.M.
 No. 75--1005.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 19, 1975.
Decided Dec. 30, 1975.
 
 Alfred J. Lindh, Wilmington, Del., for appellant.
 Richard Kirschner, Markowitz & Kirschner, Philadelphia, Pa., John Biggs, III, Biggs & Battaglia, Wilmington, Del., for appellees.
 Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 This is an appeal from an order of the district court denying plaintiff's and granting defendants' motion for summary judgment based on the Delaware statute of limitations.
 
 
 2
 We shall summarize plaintiff's complaint. Plaintiff was employed by Penn Central Transportation Company. The defendant Local Lodge 1284, International Association of Machinists, etc. ('Lodge') was the collective bargaining representative of the Penn Central employees pursuant to Section 2, Fourth of the Railway Labor Act, 45 U.S.C. § 152. The individual defendant, Bazela, is chairman of the Lodge. The collective bargaining agreement provided a grievance and arbitration procedure to resolve disputes between employees and Penn Central.
 
 
 3
 On September 11, 1970, plaintiff unsuccessfully protested when his superior ordered him to manually lift several spring hangers. Plaintiff then complained to his union committeeman, the defendant Bazela, that he was being treated unfairly. Bazela refused to accept plaintiff's grievance and ordered plaintiff to obey his superior's order. Bazela took this action knowing that plaintiff has a prior back injury and that it was unsafe to manually lift spring hangers. Plaintiff proceeded to lift the hangers and suffered serious injuries to his back.
 
 
 4
 On September 7, 1973, more than two but less than three years after the injury, plaintiff brought this action, charging that the defendants had breached their duty of fair representation by arbitrarily and in bad faith rejecting his grievance and that this breach proximately caused his injuries. The district court did not reach this issue because it granted defendants' motion for summary judgment on the ground that plaintiff's action was barred by Delaware's[1] two year statute of limitations governing suits for personal injuries. 10 Del.C. § 8118.
 
 
 5
 Plaintiff challenges this decision, contending instead that Delaware's three year statute controls this action. 10 Del.C. § 8106. Although he seeks damages for personal injuries suffered by him, plaintiff asserts that his claim is a statutory cause of action[2] arising under the Railway Labor Act, 45 U.S.C. § 151 et seq., and as such is embraced within 10 Del.C. § 8106 which provides in pertinent part:
 
 
 6
 '. . . no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action. . . .'
 
 
 7
 Section 8106, however, explicitly states that it is 'subject . . . to the provisions of (section) . . . 8118 of this title.' That section provides:
 
 
 8
 'No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that the alleged injuries were sustained.'
 
 
 9
 Since we are construing a Delaware statute we look to the pertinent Delaware law. The statements most relevant to our construction problem are found in the Delaware Superior Court case of Patterson v. Vincent, 5 Del.Super. 442, 61 A.2d 416 (1948). There plaintiff claimed personal injuries resulting from breach of contract and argued that her claim was governed by § 8106. The court disagreed, reasoning that although plaintiff's cause of action was based on breach of contract, rather than tort, § 8118 controlled because she was seeking recovery for personal injuries. Pertinent here was the court's statement that
 
 
 10
 '. . . the Act here involved is in no way concerned with the form of action that is brought. . . . On its face, it plainly covers all actions for the recovery of damages upon a claim for personal injuries.'
 
 The court further stated:
 
 11
 'Under the express wording of this statute, it makes no difference whether a claim for malpractice is based upon a breach of contract or upon negligence, nor does it matter whether the plaintiff has an election between the two forms of action.'
 
 
 12
 Applying the principles adopted in Vincent, we find no merit in plaintiff's contention that § 8106 governs this action because it is a statutory claim, unknown at common law. This argument incorrectly focuses on the nature of the cause of action rather than on the particular injury suffered. Where, as here, the claim is for personal injuries § 8118 controls, regardless of the form the action takes, because as Vincent teaches, that section forms an exception to the three-year statute of limitations § 8106. See also McNeill v. Tarumianz, 138 F.Supp. 713 (D.Del.1956); Lunn v. United Aircraft Corp., 182 F.Supp. 12 (D.Del.1960).
 
 
 13
 Implicit in our conclusion that the two year statute of limitations governs this action is our conviction that this is a suit for damages based on a claim for personal injuries. Plaintiff neither alleges in his complaint nor asserts in his briefs that he is seeking damages other than those fairly recoverable in a 'personal injury' action. For example, in his complaint he alleges that 'As a result of these injuries, plaintiff has suffered great physical and mental pain which has required the incurring of expense for medicine, medical attendance, and hospitalization. These injuries have also caused plaintiff's employment to be permanently terminated, resulting in the loss of annual earnings and the diminution of pension benefits.' The possibility that plaintiff may have settled with his employer his claims under the Federal Employers' Liability Act does not alter our conclusion that he is here asserting a claim for damages based on personal injuries.
 
 
 14
 Plaintiff argues, alternatively, that even if this action is one for personal injuries, § 8106 should govern bacause that section embraces suits to recover damages for personal injuries, '. . . unaccompanied with force or resulting indirectly from the act of the defendant.' Where injuries are caused in this fashion, plaintiff argues, § 8106 must be regarded as a specific statute, overrriding the general personal injury provisions of § 8118. At a minimum, he suggests that, viewed in this manner, the two statutes are inconsistent, and because of the resulting ambiguity, the longer time perior should prevail.
 
 
 15
 There are several answers to plaintiff's argument. First, § 8118 is an exception to all actions identified in § 8106 when the damages claimed are based on personal injuries. Section 8118 has no exceptions carved from it for personal injuries caused in any particular fashion. Patterson v. Vincent, supra, 61 A.2d at 418. Moreover, as the Vincent case makes clear, § 8106 is the general statute and § 8118 is the exception. Finally, since the Vincent court found the statute plain and unambiguous, there is no merit to plaintiff's alternative argument.
 
 
 16
 The district court correctly granted defendants' motion for summary judgment.
 
 
 17
 The judgment of the district court will be affirmed.
 
 GARTH, Circuit Judge (dissenting):
 
 18
 The majority's conclusion that the two year statute of limitations, 10 Del.C. § 8119 (rev. 1974)[1] governs here rests upon the 'conviction that this is a suit for damages based on a claim for personal injuries.' Majority Opinion at 825. I cannot agree.
 
 
 19
 The plaintiff Walter A. Read (Read) commenced this action against defendants Local Lodge 1284, International Association of Machinists, etc. (Lodge) and S. J. Bazela, Local Chairman of the Lodge for breach of their duty of fair representation. The Lodge was the exclusive bargaining representative of certain Penn Central Transportation Company (Penn Central) employees, including Read, under Section 2, Fourth of the Railway Labor Act, 45 U.S.C. § 152.
 
 
 20
 The duty of fair representation was first defined by the Supreme Court in Steele v. Louisville & Nashville R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944):
 
 
 21
 We think that the Railway Labor Act imposes upon the statutory representative of a craft at least as exacting a duty to protect equally the interests of the members of the craft as the Constitution imposes upon a legislature to give equal protection to the interests of those for whom it legislates. Congress has seen fit to clothe the bargaining representative with powers comparable to those possessed by a legislative body both to create and restrict the rights of those whom it represents, . . . but it has also imposed on the representative a corresponding duty. We hold that the language of the Act to which we have referred, read in the light of the purposes of the Act, expresses the aim of Congress to impose on the bargaining representative of a craft or class of employees the duty to exercise fairly the power conferred upon it in behalf of all those for them it acts, without hostile discrimination against them.
 
 
 22
 Id. at 202--203, 65 S.Ct. at 232. Under this doctrine the union's exclusive status as the bargaining representative of the unit 'includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.' Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967).
 
 
 23
 In alleging that defendant Bazela acted 'arbitrarily, discriminatorily, and in bad faith in refusing to accept plaintiff's grievance and in failing to adequately represent plaintiff,' Read has stated a federal cause of action governed by federal law. See Vaca v. Sipes, supra at 177, 87 S.Ct. 903. However, in the absence of any federal limitations period, we are obliged to look to the law of Delaware in answering the defendants' contention that the action is barred by the statute of limitations. Jones v. Trans World Airlines, Inc., 495 F.2d 790, 799 (2d Cir. 1974); International Union, UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 704--705, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).
 
 
 24
 Under 10 Del.C. § 8119 (rev. 1974), Read's action would indeed be barred if it were solely an 'action for the recovery of damages upon a claim for alleged personal injuries.' Such is not the case. The complaint alleges that Bazela not only refused to accept Read's grievance concerning an order to lift heavy spring hangers, but directed Read to comply with the order. Furthermore Read asserts that Bazela 'took this action knowing that plaintiff had a prior back injury, and that it was unsafe to require one employee to manually lift spring hangers.' In so doing Read claims that Bazela 'as an agent and officer of Lodge 1284, acted arbitrarily, discriminatorily and in bad faith in refusing to accept plaintiff's grievance and in failing to adequately represent plaintiff.' As a result of this breach of defendants' duty of fair representation, Read alleges that he has incurred 'substantial damages.' The complaint therefore states a clear and unequivocal cause of action under Steele v. Louisville & Nashville R. Co., supra, for breach of the duty of fair representation.
 
 
 25
 In characterizing this action as one for 'alleged personal injuries,' the majority has focused exclusively on paragraph nine of the complaint. That paragraph recites that as a result of Bazela's failure to accept Read's grievance, Read 'was obliged to proceed to lift the spring hangers' which resulted in his receiving 'severe injuries to his back.' These injuries, Read alleged, caused him to suffer physical and mental pain, to incur medical expenses, and to suffer loss of income. Thus, Read's complaint, in part, may be read to seek damages measured by 'alleged personal injuries.' However, the record indicates that prior to this action, Read had already settled for $15,000 a claim against Penn Central 'for the same injury based upon its (Penn Central's) negligence.' District Court Opinion at 777. Where injury results from the union's breach of its duty and the employer's actions, '(t)he governing principle . . . is to apportion liability between the employer and the union according to the damage caused by the fault of each.' Vaca v. Sipes, supra, 386 U.S. at 197, 87 S.Ct. at 920. In light of Read's personal injury settlement with Penn Central, it is unclear what, if any, additional damages measured by personal injury could be recovered from these union defendants in the absence of the statutory limitations period.
 
 
 26
 However, there are other damages that may be recoverable from the union defendants for breach of their duty of fair representation which have no relation to 'a claim for alleged personal injuries' and therefore are not subject to the two year personal injury limitations period of 18 Del.C. § 8119 (rev. 1974). The defendants might very well be held liable for damages measured by Read's attorneys fees which he incurred in obtaining his $15,000 settlement from Penn Central. See Richter v. United States, 296 F.2d 509, 510 (3d Cir. 1961), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962). Additionally, the union defendants may be found liable for punitive damages based upon Bazela's alleged knowledge 'that plaintiff had a prior back injury and that it was unsafe to manually lift spring hangers.' Majority Opinion at 824. Butler v. Local Union 823, Int. Bro. of Teamsters, etc., 514 F.2d 442, 454 (8th Cir. 1975), appeal pending, Tippett v. Liggett & Myers Tobacco Co., 316 F.Supp. 292, 298 (M.D.N.C.1970). Regardless of whether Read can adduce sufficient evidence to establish such damages, it is clear that these damages are not based 'upon a claim for alleged personal injuries'[2] and therefore are not barred by the two year statute of limitations.
 
 
 27
 Nor is Read's failure to specifically refer in the complaint to these non-personal injury damages fatal to the timeliness of his action. In accordance with Rule 8, Fed.R.Civ.P., Read set forth in paragraph ten of the complaint[3] 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Furthermore, the complaint demands monetary damages. It is unclear whether non-personal injury damages measured by attorneys fees[4] or punitive damages in a fair representation action must be specifically pleaded as special damages under Rule 9, Fed.R.Civ.P. However, even if these elements of damages should have been specially pleaded, Read still could have amended his complaint under Rule 15, Fed.R.Civ.P. Thus, the majority's reliance on the absence from the complaint of any references to damages 'other than those fairly recoverable in a 'personal injury' action' is not determinative.
 
 
 28
 An action for breach of a union's duty of fair representation vindicates the paramount federal rights of union members as well as secures union compliance with the overriding purposes of federal labor law. However, the Supreme Court has recognized that 'difficulty lies in fashioning an appropriate scheme of remedies.' Vaca v. Sipes, supra, 386 U.S. at 196, 87 S.Ct. at 920. Where such important federal rights are at stake and the appropriate remedy is uncertain, federal courts should not demand unnecessary detail from the aggrieved party's complaint.
 
 
 29
 Read's complaint is addressed only to the union defendants. It is clearly directed at their breach of the duty of fair representation. It clearly seeks recovery of damages caused by that breach of duty. As I indicated earlier, Read's recovery is not necessarily limited to nor restricted by damages attributable to the personal injuries suffered by him. As to those damages not related to personal injuries, his action was timely under 10 Del.C. § 8106 (three year statute of limitations), and therefore the district court erred in dismissing the complaint.
 
 
 30
 Contrary to the majority's disposition, I would treat the personal injury recitations of paragraph 9 of his complaint as surplusage, and I accordingly would reverse the district court's order granting summary judgment in favor of the union defendants. At the very least, I would only affirm so much of the district court's order granting summary judgment as pertained to any claim or recovery of personal injury damages; and would reverse so much of the district court's order which pertained to those portions of Read's complaint seeking damages unrelated to personal injuries.
 
 
 
 [1]
 Since there is no applicable federal statute, it is agreed that the Delaware law controls
 
 
 [2]
 We shall assume without deciding that the breach of the duty of fair representation encompasses resulting personal injury claims
 
 
 [1]
 Formerly 10 Del.C. § 8118 (1953)
 
 
 [2]
 The term 'personal injuries' in 10 Del.C. § 8119 (rev. 1974) 'should be given the same or equivalent meaning as that long understood to be (its) meaning when used by recognized authorities and the courts.' McNeill v. Tarumianz, 138 F.Supp. 713, 716 (D.Del.1956). Thus, personal injuries involve injuries to a person's security, which consists "in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health and his reputation." Id., quoting 1 W. Blackstone, Commentaries 129 (10th ed. 1787). A finding that the union's breach of its duty of fair representation caused Read to incur attorneys fees against his employer has nothing to do with personal injuries. A fortiori, an award of punitive damages against one or more of the defendants does not involve personal injuries
 
 
 [3]
 Paragraph 10 states:
 '10. Defendant Bazela, as an agent and officer of Lodge 1284, acted arbitrarily, discriminatorily and in bad faith in refusing to accept plaintiff's grievance and in failing to adequately represent plaintiff. Defendants' actions were a breach of their duty of fair representation, and said breach has resulted in plaintiff incurring substantial damages.
 WHEREFORE, plaintiff demands judgment against defendants in the sum of $85,000.00.'
 
 
 [4]
 Measuring plaintiff's damages by the attorneys fees incurred in his suit against the Penn Central is distinguishable from claims for attorneys fees in the pending litigation. Thus, this Court's statement that attorneys fees are 'items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g),' Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc., 474 F.2d 840, 843 (3d Cir. 1973), is inapposite