**Willie CHRISCO, Plaintiff,**

v.

**Milton P. SHAFRAN and Carl Williams, Defendants.**

**Civ. A. No. 79–522.**

United States District Court, D. Delaware.

Oct. 27, 1981.

John J. O'Brien, Wilmington, Del., for plaintiff.

Paul P. Welsh, and Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant Shafran.

Samuel R. Russell, Biggs & Battaglia, Wilmington, Del., for defendant Williams.

OPINION

MURRAY M. SCHWARTZ, District Judge.

Willie Chrisco, a former officer of the Wilmington Police Department, has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Carl Williams, a Delaware State Police Officer, and Milton Shafran, a former Delaware Deputy Attorney General. Chrisco originally sought damages for alleged violations of his fourth, fifth, sixth and fourteenth amendment rights by Williams and Shafran during the course of an investigation of corruption in a sale of goods by the Diamond Chemical Company to the Wilmington School Board. In an earlier opinion the Court granted defendants' motions to dismiss the original complaint for failure to state a claim upon which relief could be granted as to all but one of the plaintiff's claims. *Chrisco v. Shafran*, 507 F.Supp. 1312 (D.Del.1981). Both defendants have filed motions seeking a determination that plaintiff's remaining claim is time-barred.[1]

Shafran and Williams were part of a State of Delaware Department of Justice task force that in April 1977 began investigating claims that Wilmington School Board employees were stealing Diamond Chemical products from the School Board warehouse and returning the products to Diamond Chemical for eventual resale to the School Board. Defendants interviewed plaintiff on at least three occasions during the course of that investigation, each time he was under oath. During the last session, on November 1, 1977, plaintiff agreed to plead guilty to an interdepartmental charge of lying under oath. He was subsequently fired by the Police Department, reinstated by the Department's Appeal Board and reduced in rank from Lieutenant to Patrolman.

Plaintiff's remaining claim concerns the defendants' conduct at the November 1, 1977, meeting. He alleges that at that time he was informed that defendants had sufficient evidence to arrest him for perjury and refused to allow him to leave the meeting "without accepting their plea offer, unless he was to subject himself to immediate arrest." Plaintiff's Amended Complaint ¶ 7 ("Complaint"). Plaintiff alleges that by their actions defendants deprived him of liberty for a substantial period of time (the November 1 session lasted for approximately eight hours) without due process of law as guaranteed by the fifth and fourteenth amendments. In addition plaintiff alleges that the manner and length of the investigation, the discomfort and embarrassment of being fired, the embarrassment of being reduced in rank, the destruction of his reputation and his eventual early retirement, all of which were proximately caused by the events of the November 1 session, caused him to suffer anxiety and stress. Complaint ¶ 12.

The parties agree that as there is no federal statute of limitations governing actions under 42 U.S.C. § 1983, the Court must look to Delaware law to determine the limitation which would be applicable if an action seeking similar relief had been brought under state law. *Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir. 1974) (En Banc); *Hening v. Odorioso*, 385 F.2d 491, 493 (3d Cir. 1967), *cert. denied*, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 671 (1968); *Gordenstein v. University of Delaware*, 381 F.Supp. 718, 727 (D.Del.1974).

As noted in the Court's prior opinion, plaintiff's claim is similar to a common-law cause of action for false imprisonment. He alleges that Shafran and Williams prevented him from leaving the November 1 meeting for a period of up to eight hours by force or threat of force. *Chrisco v. Shafran*, 507 F.Supp. 1312, 1321 (D.Del.1981).[2]

---

1. Although Shafran filed his motion under Rule 12(b)(6) and Williams filed his under Rule 56, neither defendant relies on matters outside the pleadings. Shafran's motion also questions the existence of a causal connection between defendants' acts and plaintiff's alleged injuries.

In view of the Court's disposition of the statute of limitations issue, Shafran's alternative ground for dismissal need not be addressed.

2. It is possible to read paragraph twelve of the complaint as alleging various other wrongs, but to the extent that they were not resolved by the

Unfortunately neither Court nor counsel have discovered any Delaware case discussing the issue of what limitations period applies to an action for false imprisonment. Thus the Court must once again examine analogous decisions, considered dicta, scholarly works and any other reliable data available in an-effort to predict how the state's highest court would decide if it were confronted with this problem. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir.), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); *Porter v. Hollander*, 494 F.Supp. 151 (D.Del.1980).

Delaware has two statutes of limitations which arguably could apply to an action for false imprisonment: 10 *Del.C.* § 8119, a two year statute, and 10 *Del.C.* § 8106, a three year statute. Section 8106 provides in part:

> ... [N]o action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; *subject, however, to the provisions of [§ 8119] of this title.*

(emphasis supplied) Plaintiff argues that defendants' actions fall within the scope of the quoted language. He alleges that defendants' scheme to violate his rights continued after the November 1 meeting and that his injuries resulted both indirectly and directly therefrom.[3]

Section 8119 provides:

> No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained....

Defendant argues that the only injuries plaintiff alleges, anxiety, as well as the underlying wrong, false imprisonment, are

all personal injury claims that fall within the scope of section 8119.

For the purpose of these motions the nature of plaintiff's cause of action is unimportant. The statutes' coverage turns on the nature of the injury sustained not the form of the action brought. *Read v. Local Lodge 1284, Int'l Ass'n of Machinists*, 528 F.2d 823, 825 (3d Cir. 1975), *quoting, Patterson v. Vincent*, 44 Del. 442, 61 A.2d 416 (Del.Super.1948).

Neither Court nor counsel have found any Delaware precedent defining the nature of the injury redressed by a false imprisonment claim. In *McNeill v. Tarumianz*, 138 F.Supp. 713 (D.Del.1956), the Court faced a similar problem. The plaintiff brought a libel action just under three years after the statements were published, contending the action was covered by section 8106. Defendant moved to dismiss arguing that the action was barred by the one year limitation of section 8118 which has since been renumbered section 8119 and increased to two years. The Court noted the various Delaware statutes of limitations evidence no legislative intent to limit then section 8118 to any particular type of personal injury. The language of the statute "plainly covers all actions for recovery of damages upon a claim for personal injuries whatever the nature of the personal injury." 138 F.Supp. at 716. Examining the cases and commentaries, the Court concluded that libel and slander were considered to be personal injuries at common law and therefore within the scope of then section 8118. The Delaware Supreme Court expressly adopted both the conclusion and rationale of *McNeill* by per curiam opinion in *DeMoss v. News-Journal Co.*, 408 A.2d 944 (Del.1979).

Applying the rationale of *McNeill* to the instant case, the Court looks to the nature

---

Court's prior opinion, they are of a nonconstitutional variety and thus not actionable under section 1983. *See Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976).

**3.** Answering Brief of Plaintiff Willie Chrisco in Opposition to Defendant Carl Williams' Brief in Support of his Motion for Summary Judgment

at 4; Answering Brief of Plaintiff Willie Chrisco in Opposition to Defendant Milton P. Shafran's Brief in Support of his Motion to Dismiss at 4. As noted *supra* note 2, the court has already addressed the merits of the constitutional violations alleged to have occurred after the November 1 meeting.

of the action at common law. It appears the commentators are in accord.

The action for the tort of false imprisonment, sometimes called false arrest, is another lineal descendant of the old action of trespass. It protects the personal interest in freedom from restraint of movement. W. Prosser, *Handbook of the Law of Torts*, 42 (4th ed. 1971); 1 F. Harper & F. James, *The Law of Torts*, 224 (1956) ("False imprisonment . . . was regarded as a trespass to the person."). As are the cases. *E. g., Webbier v. Thoroughbred Racing Protective Bureau, Inc.*, 105 R.I. 605, 254 A.2d 285, 290 (1969); ("The tort involves an imposition of unlawful restraint upon another's freedom of movement."); *Faniel v. Chesapeake & Potomac Telephone Co.*, 404 A.2d 147, 150 (D.C.App.1979) ("False imprisonment is defined . . . as the restraint by one person of the physical liberty of another without consent or legal justification.").

■ Based on the foregoing, the Court concludes that, if presented with the issue, the Delaware Supreme Court would hold that an action for false imprisonment is governed by section 8119. The case of *Sonne v. Sacks*, 314 A.2d 194 (Del.1973), does not require a different result. In *Sonne* the Delaware Supreme Court resolved a dispute over which of two statutes of limitations to apply by reference to the general rule that doubts as to the applicability of statutes of limitations should be resolved in favor of the longer period. *Sonne* involved a conflict between the provisions of sections 8110 (actions for wages) and 8108 [4] (action on bills of exchange). In that case the statutes themselves provided no clue as to how the conflict should be resolved. In contrast, the last sentence of section 8106 makes the entire section subject to the provisions of section 8119. Thus, in the instant case there is no doubt as to which statute should apply, the legislature has told the courts how any potential conflict must be resolved. The general rule of *Sonne* is therefore inapplicable. *Nationwide Ins. Co. v. Rothermel*, 385 A.2d 691

(Del.1978). *Accord, Read v. Local 1284, Int'l Ass'n of Machinists*, 528 F.2d 823 (3d Cir. 1975).

Having determined that plaintiff's action is subject to the two year limitation period of section 8118, it remains to be determined when his "alleged injuries were sustained" within the meaning of that statute. Although by no means clearly stated, plaintiff's complaint can be understood to allege that he continued to sustain injuries as a result of the November 1 meeting after that date. In *Layton v. Allen*, 246 A.2d 794 (Del.1968), the Delaware Supreme Court held that when an inherently unknowable injury is suffered by one who is blamelessly ignorant of the wrongful act and the harmful effect gradually develops over a period of time the injury is sustained, for the purposes of then section 8118, when that effect manifests itself and becomes physically ascertainable. *Accord, Collins v. Wilmington Medical Center, Inc.*, 319 A.2d 107 (Del.1974).

*Layton* was one of the "lost instrument" medical malpractice cases. The rule it announced was intended to prevent the manifest injustice which resulted from the application of traditional statutes of limitations to such cases. It was not intended to affect the statute's application to "the usual tort case in which some physical impact serves to notify the plaintiff of the violation of his rights before the expiration of the period of limitations." *Layton v. Allen*, 246 A.2d at 797; *McNutt v. Delaware Racing Ass'n*, 294 A.2d 838 (Del.1972).

■ In the instant case plaintiff must have known of his alleged false imprisonment at the time it occurred on November 1; indeed, such knowledge is arguably an element of his cause of action. At most plaintiff can be understood to allege that he did not know the full extent of his injuries at that time. The two year limitation of section 8119 begins to run at the time the injuries are sustained, not when their full extent are known. *See McNutt v. Delaware Racing Ass'n*, 294 A.2d 838 (Del.1972).

---

4. Since renumbered section 8111 and section 8109, respectively.

■ Plaintiff alleges he was wrongfully deprived of liberty on November 1, 1977. This action was filed on November 8, 1979, over two years later. Plaintiff's action is therefore barred by the two year limitation of section 8119. In his answering briefs plaintiff argues that the events of November 1 were not isolated incidents but part of an ongoing plan which continued into December. As noted, however, this Court's prior opinion disposed of plaintiff's other constitutional claims. The only constitutional violation alleged in the amended complaint is the deprivation of liberty on November 1 and that claim is time-barred.

For the foregoing reasons, defendants' motions will be granted.