**Michael CURRAN and Catherine Curran, Plaintiffs,**

**v.**

**TIME INSURANCE COMPANY and Massachusetts Mutual Life Insurance Company, Defendants.**

Civ. A. No. 82–314–JLL.

United States District Court, D. Delaware.

Sept. 30, 1986.

Louis B. Ferrara of Aerenson, Ferrara & Lyons, Wilmington, Del., for plaintiff.

Donald Elihu Evans of Bryde, Ament & Evans, Wilmington, Del., for defendant Time Ins. Co.

George H. Seitz III and Michael P. Kelly of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendant Massachusetts Mut. Life Ins. Co.

## OPINION

LATCHUM, Senior District Judge.

This is an action for recovery under certain medical insurance policies. The action is brought by Michael Curran and Catherine Curran (the "plaintiffs") against Time Insurance Company ("Time"), a Wisconsin corporation, and Massachusetts Mutual Life Insurance Company ("Massachusetts Mutual"), a Massachusetts corporation, to recover the cost of medical care provided for the plaintiffs' minor son, Michael Curran III. Both Time and Massachusetts Mutual seek determinations by this Court that they are not liable, as a matter of law, to plaintiffs for extended benefits coverage, given certain facts stipulated to by the parties. For the reasons stated in this opinion, declaratory judgment will be granted in favor of defendant Massachusetts Mutual but denied with respect to defendant Time.

## I. FACTS PERTAINING TO THESE MOTIONS

The parties have agreed by stipulation to many of the facts in this case, although some of the facts discussed in this section represent contentions made by one of the parties. (Docket Item ["D.I."] 39.)

On May 4, 1980, the plaintiffs' minor son, Michael Curran III ("Michael"), was injured in an accident. At the time of the accident, the plaintiff Michael Curran ("Curran") and his dependents were insured under a group medical plan issued to Michael Curran's employer, Epicom, Inc. ("Epicom"). The policy was issued by Time. On July 1, 1980, Epicom switched

providers of group medical insurance from Time to Massachusetts Mutual. This change terminated Curran's and his dependents' insurance coverage with Time.

The Time policy had an "Extension of Benefits Upon Termination of Master Policy" clause. The clause stated:

When the Insured Member or eligible dependent is totally disabled at the time the Master Policy terminates, coverage for that covered person will continue and benefits will be provided for injury sustained or sickness contracted prior to termination, subject to policy provisions. Such extension will continue (1) for 365 days, (2) until the covered person is no longer disabled or (3) until the covered person is eligible for Group coverage by a succeeding carrier whichever occurs earliest.

Appendix to Defendant Time Insurance Company's Answering/Opening Brief, p. B–65. (D.I. 49A.) This clause serves as the basis for the plaintiffs' claim against Time. The plaintiffs contend that Michael was totally disabled on July 1, 1980, when the master policy was terminated and therefore, Time should cover medical expenses incurred through July 1, 1981. Time disputes this contention on grounds that once Epicom changed to the Massachusetts Mutual policy on July 1, 1980, Michael was eligible for group coverage by a succeeding carrier.

Curran and his dependents were covered by the Massachusetts Mutual policy for just the month of July 1980, because Curran's employment with Epicom ended on July 25, 1980.[1] The Massachusetts Mutual policy had an extended benefits clause similar to that in the Time policy. The clause stated:

If a Covered Individual incurs Covered Medical Expenses within a period of 12 months immediately following the discontinuance of such individual's insurance under this Part, benefits shall be payable as to such expenses as though such expenses had been incurred prior to such discontinuance, if

a. the expenses are due to an illness which commenced prior to such discontinuance, and

b. the individual was *totally disabled* by such Illness on the date of such discontinuance and remained so disabled continuously until the incurrence of the expenses for which claim is made.

Appendix to Defendant Massachusetts Mutual Life Insurance Company's Answering/Opening Brief, p. A–33a. (D.I. 42A.) (Emphasis added.) The Massachusetts Mutual policy defines "total disability of a dependent" as a "disability which *commences subsequent* to the effective date of the employee's insurance with respect to the dependent and which prevents the dependent from engaging any and all of his or her usual activities." *Id.* at A–3a. (Emphasis added.) The application for insurance filed by Epicom with Massachusetts Mutual stated that no member of the group to be insured were prevented by disability from performing their usual occupational duties.

Plaintiffs argue that if Time is not responsible for medical costs during the extended benefits period, then Massachusetts Mutual should have to pay for costs incurred through July 31, 1981. Massachusetts Mutual takes the position that even if Michael was totally disabled, he was disabled prior to the effective date of the policy and therefore was excluded both by the terms of the policy and the information contained in Epicom's application for insurance.

Plaintiffs notified Time on December 15, 1980, of the accident and requested the payment of benefits under the Time policy. Time has made payments totalling $1,139.20 for medical bills related to the accident and incurred prior to July 1, 1980, but Time has refused to make payments for bills submitted pursuant to the extended benefits clause. Due to Time's refusal

---

1. Although Curran's employment ended on the 25th of the month, under the terms of the policy, normal coverage was extended to the end of the month.

to pay, plaintiffs filed suit against Time in this Court on May 28, 1982.

Plaintiffs contend that they were unaware of the change in group medical insurance providers until counsel for Time identified Massachusetts Mutual as a potential party to this action after suit had been filed against Time. Plaintiffs notified Massachusetts Mutual of the accident and requested the payment of benefits on October 4, 1982. Despite considerable correspondence over the next sixteen months between plaintiffs, plaintiffs' counsel, and Massachusetts Mutual, the plaintiffs' claim was not resolved and Massachusetts Mutual has yet to make any payment for medical expenses related to the May 4, 1980 accident. Due to the inability to resolve the claim, the plaintiffs amended their complaint on February 8, 1984, to add Massachusetts Mutual as a party defendant. (D.I. 15.)

The Court makes its determinations of liability on the basis of the stipulated facts and the parties' briefs. To make such determinations the Court must find that Massachusetts Mutual and Time are entitled to judgment in their favor as a matter of law and that the resolution of the issue of liability does not depend on triable issues of fact. *Tomalewski v. State Farm Life Insurance Co.*, 494 F.2d 882, 884 (3d Cir. 1974), *quoting Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir.1972). Additionally, the evidence "must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Brandywine One Hundred Corp. v. Hartford Fire Insurance Co.*, 405 F.Supp. 147 (D.Del.1975). With these principles in mind, the Court will address the contentions of the parties.

## II. LIABILITY DETERMINATION OF MASSACHUSETTS MUTUAL

Massachusetts Mutual puts forth a variety of arguments in support of its contention that the extended benefits provision in its policy does not apply to the plaintiffs. Massachusetts Mutual contends that (1) the policy's definition of "total disability of a dependent" excludes the plaintiffs' minor son from extended benefits coverage, (2) plaintiffs failed to file this action against Massachusetts Mutual within the applicable limitations period, (3) plaintiffs failed to submit proof that Michael was totally disabled, (4) plaintiffs failed to comply with the notice of injury and proof of loss deadlines contained in the policy, (5) Time's extended benefits coverage was in effect which precluded coverage by Massachusetts Mutual due to an "other insurance" rider in the Massachusetts Mutual Policy, and (6) the Massachusetts Mutual policy with Epicom is void because of inaccurate information in the application for insurance. The Court bases its conclusion that Massachusetts Mutual is not liable to the plaintiffs on the first two arguments and therefore finds it unnecessary to address or resolve Massachusetts Mutual's other contentions.

### A. Policy Language

The Massachusetts Mutual policy clearly states that the extended benefits clause only covers individuals who were totally disabled on the date its policy was discontinued. Although the plaintiffs and Massachusetts Mutual apparently disagree about whether Michael was ever totally disabled, given the policy's definition of "total disability of a dependent," neither this Court nor a jury needs to determine whether Michael was totally disabled on July 31, 1980. As discussed above, the policy defines "total disability of a dependent" as a disability which *commences subsequent* to the effective date of the policy. Plaintiffs have never alleged that Michael's disability commenced after the Massachusetts Mutual policy became effective. In fact, plaintiffs' action against Time for extended benefits coverage hinges on their contention that Michael was totally disabled prior to July 1, 1980.

The Massachusetts Mutual policy with Epicom specifies that the policy is subject to the laws of Florida. Under Florida law, courts are not authorized to extend

insurance coverage beyond the plain language of a policy in the absence of ambiguity, waiver, estoppel, or contradiction of public policy.[2] *Velasquez v. American Manufacturers Mutual Insurance Co.,* 387 So.2d 427, 429 (Fla.App.1980). *See also Blue Cross of Florida, Inc. v. Dysart,* 340 So.2d 970, 974 (Fla.App.1976); *United States Fire Insurance Co. v. Morejon,* 338 So.2d 223, 225 (Fla.App.1976). Because the language of the Massachusetts Mutual policy is unambiguous and not subject to conflicting inferences, its construction is for the Court, not a jury. *Ellenwood v. Southern United Life Insurance Co.,* 373 So.2d 392, 394 (Fla.App.1979).

■ The Court determines that the relevant language of the Massachusetts Mutual policy is unambiguous. The policy clearly precludes recovery for medical costs relating to a total disability which commenced prior to the effective date of Massachusett Mutual's policy. Therefore, Massachusetts Mutual is not liable to the plaintiffs for extended benefits coverage.

## B. Statute of Limitations

Even if the plaintiffs could recover under the terms of the Massachusetts Mutual policy, their suit would be barred by the applicable statute of limitations. Because the statute of limitations of the forum state is applicable and given that this Court has jurisdiction over this matter due to the diversity of citizenship between the parties, Delaware law must be applied to determine the appropriate limitations period and date on which the statute began to run. *Wells v. Simonds Abrasive Co.,* 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

Plaintiffs contend that the action against Massachusetts Mutual is based upon a contract. They urge this Court to apply the three year period of limitations established by 10 *Del.C.* § 8106,[3] while Massachusetts Mutual argues that the two year period set forth in 10 *Del.C.* § 8119[4] applies. The Court does not need to resolve this dispute, because almost four years passed from May 4, 1980, the date of Michael's injury, and February 8, 1984, the date the plaintiffs' complaint was amended to add Massachusetts Mutual as a party to this action. Plaintiffs did not file suit within the requisite limit of either § 8106 or § 8119,[5] unless the Court accepts the plaintiffs' contention that the statute of limitations did not begin to run until after they learned of the existence of Massachusetts Mutual which was sometime after the suit was

2. The plaintiffs have not alleged that Massachusetts Mutual ever waived any of the provisions or conditions in the policy. Likewise, plaintiffs have not claimed nor has this Court found anything to indicate that any of the relevant portions of the Massachusetts Mutual policy contradict public policy. The question of estoppel shall be considered as a part of the statute of limitations discussion.

3. 10 *Del.C.* § 8106 provides that:
No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting in-

directly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108–8110, 8119 and 8127 of this title.

4. 10 *Del.C.* § 8119 states:
No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title.

5. The Court notes that there is a series of Delaware cases which state that § 8119 applies to all actions for recovery of damages upon a claim for personal injuries regardless of whether the action arises in contract or tort. *See Patterson v. Vincent,* 44 Del. 442, 61 A.2d 416, 418 (Del.Super.1948); *Shaw v. Aetna Life Insurance Co.,* 395 A.2d 384 (Del.Super.1978). *See also Read v. Local Lodge 1284, International Association of Machinists and Aerospace Workers, AFL–CIO,* 528 F.2d 823 (3d Cir.1975).

filed against Time on May 28, 1982.[6] If the limitations period did not begin to run until after May 28, 1982, plaintiffs' suit would satisfy either the two year limit of § 8119 or the three year limit of § 8106.

 Traditionally, the rule in Delaware has been that the statute of limitations begins to run when the cause of action "accrues" on the date an action could first be brought and that ignorance of the facts which lead to the accrual of the action is in an ordinary case no obstacle to the operation of the statute of limitations. *Mastellone v. Argo Oil Corporation,* 46 Del. 102, 82 A.2d 379, 383 (Del.Supr.1951). Under the reasoning of *Mastellone* and its progeny, the Court concludes that absent a showing of special circumstances, plaintiffs' action accrued on the date of Michael's injury. *See Isaacson, Stolper & Co. v. Artisans Savings Bank,* 330 A.2d 130 (Del.Supr.1974).

The most important exception to the *Mastellone* rule was established by the Delaware Supreme Court in *Layton v. Allen,* 246 A.2d 794 (Del.Supr.1968). The plaintiff in *Layton* did not manifest any symptoms of having a surgical instrument left in her body until well after the limitations period had run from the date of her operation. The Court held that "when an inherently unknowable injury, such as is here involved, has been suffered by one blamelessly ignorant of the act or omission and injury complained of, ... the injury is 'sustained' ... when the harmful effect first manifests itself and becomes physically ascertainable." *Id.* at 798. Although initially limited to medical malpractice actions, this "time of discovery" rule has been applied in a variety of situations. *See Isaacson, supra* (cause of action against accountant for failure to file accurate tax returns accrued upon notice to the plaintiff from the Internal Revenue Service of alleged tax deficiencies); *Rudginski v. Pul-*

*lella,* 378 A.2d 646 (Del.Super.1977) (cause of action against installer of plumbing system did not accrue until first time plaintiffs experienced difficulty with the system); *Pioneer National Title Insurance Co. v. Sabo,* 382 A.2d 265 (Del.Super.1978) (cause of action to recover under a title insurance policy accrues upon discovery of a defect in title). Despite the Delaware courts' increased use of the "time of discovery" rule, the courts which apply this rule continue to require that the injury or harm be "inherently unknowable" and that the plaintiff be "blamelessly ignorant." *See id.* at 267.

After reviewing the stipulated facts and past applications of the "time of discovery" rule, the Court holds that the "time of discovery" rule is not applicable to this case. Therefore, the plaintiffs' cause of action against Massachusetts Mutual accrued on August 1, 1980, which is the first day the plaintiffs were potentially eligible for extended benefits coverage under the Massachusetts Mutual policy. The existence of Massachusetts Mutual as a potential insurer does not fit the pattern established in the cases discussed above of what constitutes an "inherently unknowable fact or condition." The existence of Massachusetts Mutual was something that the plaintiffs could have discovered during the applicable limitations period, even though the possible circumstances surrounding the end of Michael Curran's employment with Epicom may have dissuaded the plaintiffs from making inquiries about insurance coverage. Although the Court has no reason to question that the plaintiffs were truly unaware of the existence of Massachusetts Mutual until sometime in 1982, this fact does not alter the conclusion that this action fits closely into the *Mastellone* rule which does not stop the running of the limitations period due to ignorance of the facts.[7]

---

**6.** Whether a plaintiff's failure to act constitutes excusable neglect is a matter of judicial discretion. *Radzewicz v. Neuberger,* 490 A.2d 588, 591 (1985).

**7.** The *Mastellone* "accrual" rule can be avoided in some situations not involving inherently unknowable facts. The doctrine of estoppel can be invoked by a plaintiff who proves that an insurer engaged in conduct designed to mislead the plaintiff and that the plaintiff has relied

Plaintiffs in their opening brief (D.I. 40) cite *Allstate Insurance Co. v. Spinelli*, 443 A.2d 1286 (Del.Supr.1982), for the proposition that a cause of action does not accrue against an insurer until the insurer has denied the claim for benefits. Plaintiffs' reliance on this case is misplaced. Not only had the statute of limitations run prior to the plaintiffs' claim for payment, but *Spinelli* is readily distinguishable from the present action.

In *Spinelli*, the plaintiff sued an insurer for uninsured motorist benefits. The policy defined an uninsured driver to include an "underinsured tortfeasor." By the time the plaintiff had obtained a judgment against the tortfeasor and determined that the tortfeasor was underinsured, over three years had passed. The *Spinelli* court held that the suit was not barred by the statute of limitations, because the plaintiff did not have a right of action against Allstate until it was determined that the tortfeasor was underinsured and Allstate denied Spinelli's claim for benefits.

The present action is distinguishable from *Spinelli* because it is a claim for damages directly arising from a personal injury, whereas in *Spinelli*, the court held that the claim was a contract action because it was only indirectly related to the accident itself. The *Spinelli* court contrasted that case with *Nationwide Insurance Co. v. Rothermel*, 385 A.2d 691 (Del. Supr.1978), which is more closely analogous to the present action. The *Rothermel* plaintiff sued for "no-fault" personal injury protection benefits to which he had a statutory right under 21 *Del.C.* § 2118(a). The suit was filed more than two years after the accident which caused the plaintiff's injuries. The Superior Court had determined that because plaintiff's action was statutory in nature, the three year limitation period expressed in § 8106 applied.

The Supreme Court disagreed. The Court stated that § 8119 applies to "any action for the recovery of damages upon a claim for alleged personal injuries" and that the no-fault statute did not change the nature of the plaintiff's claim. *Rothermel, supra* at 693. The court went on to hold that the case should be dismissed for failure to file a claim within two years of the date of the accident.

The present action is similar in nature to the claim in *Rothermel* and distinguishable from the contract action in *Spinelli*. *Accord, Closser v. Penn Mutual Fire Insurance Co.*, 457 A.2d 1081 (Del.Supr.1983) (Unlike *Spinelli*, limitations period runs from the date of the fire loss, because the insured had an immediate and ascertainable claim.). Therefore, plaintiffs' cause of action against Massachusetts Mutual accrued on the first date that extended coverage benefits were available. The fact that a claim was not made until over four years later does not alter the conclusion that plaintiffs' suit was not filed within the requisite limitations period. For these reasons also, Massachusetts Mutual is not liable to the plaintiffs for extended benefits coverage.

## III. LIABILITY DETERMINATION OF TIME

Time bases its contention that it is not liable to the plaintiffs for extended benefits coverage on the following arguments: (1) all coverage under the Time policy ended on July 1, 1980 when that policy terminated and was replaced by the Massachusetts Mutual policy, (2) plaintiffs failed to file their action within the requisite limitations period, and (3) Time does not owe any further benefits under its policy because Michael was not totally disabled when the Time policy terminated. These three argu-

upon such conduct to his detriment. *Radzewicz, supra* at 592–93. When this is proved, the doctrine tolls the statute of limitations. Additionally, if a plaintiff can show that the defendant committed a fraud or tried to conceal facts, then the "accrual" rule may be avoided. *Mastellone, supra* 82 A.2d at 383. Plaintiffs did not

allege in the amended complaint which added Massachusetts Mutual as a party (D.I. 15) or in their briefs (D.I. 40, 51) that Massachusetts Mutual did anything to mislead the plaintiffs or conceal its identity during the period leading up to the plaintiffs' discovery of Massachusetts Mutual's existence.

ments are not sufficient to grant Time's motion.

## A. Policy Termination

■ Time's first argument can be disposed of by noting, as discussed above, that with respect to extended benefits the Massachusetts Mutual policy never came into effect for medical costs related to Michael's preexisting potential total disability. The Time policy does state that any extension of benefits will terminate when "the covered person is eligible for Group coverage by a succeeding carrier...." Appendix 1, at B-65. Although Michael may have been eligible for certain types of group coverage such as coverage for medical expenses arising from illness or injury commencing subsequent to the effective date of the Massachusetts Mutual policy, he was never eligible for group coverage for extended benefits under the Massachusetts Mutual policy.

Therefore, potential coverage under the extended benefits provision in the Time policy did not end when the policy was replaced by the Massachusetts Mutual policy.

## B. Statute of Limitations

■ Time also argues that the plaintiffs' action is barred by the two year statute of limitations set forth in § 8119, because the accident occurred on May 4, 1980, but suit was not filed until May 28, 1982. Plaintiffs argue that the three year limitation set forth in § 8106 should apply. Once again, this Court does not need to resolve this issue on the basis of selecting an applicable statute of limitations. A cause of action cannot accrue until the plaintiff has incurred some harm or injury and has a right to sue for recovery. In the absence of the change from Time to Massachusetts Mutual, the plaintiffs' cause of action to sue on the Time policy would have accrued on the date of the accident. *Rothermel, supra; Mastellone, supra.* But, given the change in insurance providers, the plaintiffs are not suing on the standard coverage provisions in the Time policy. Instead, their action is based on the extended benefits provision. The potential right to receive payments under the extended benefits provision did not accrue until the Time policy was terminated on July 1, 1980. Therefore, the plaintiffs' suit was filed less than two years after the statute of limitations started to run.[8]

## C. Proof of Disability

■ Unlike the Massachusetts Mutual policy, the Time policy does not define what constitutes being "totally disabled" for purposes of determining whether the extension of benefits provision will provide coverage after the termination of the policy. Regardless of what definition of total disability the plaintiffs or Time would have the Court apply to this case,[9] determining whether Michael was totally disabled on the date of discontinuance of the Time policy is a material question of fact which must be determined by a trier of fact after evidence has been presented on this ques-

---

**8.** The present situation is distinguishable from the facts of *Snavely v. Automobile Insurance Company of Hartford,* 438 A.2d 1229 (Del.Super. 1981). The plaintiff in *Snavely* had an accident on June 4, 1978. The insurer paid the plaintiff's medical bills for a period through August 22, 1978 and paid the plaintiff's claim for lost earnings through September 9, 1978. Plaintiff returned to work on September 11, 1978, but on October 9, 1978 plaintiff requested that payments for lost wages be resumed. This request was denied and suit was filed on August 7, 1980. The court held that the suit was barred by the two year statute of limitations, which started to run on the date of the accident, because the statute of limitations cannot be applied in a segmented fashion.

The present situation is distinguishable, because on the date of the accident the potential to recover for extended benefits coverage did not exist absent some subsequent event which was totally beyond the control of the plaintiffs. The *Snavely* plaintiff had the right to recover for any lost wages resulting from the accident, as soon as the accident occurred, whereas the Currans did not have the right to recover on the extended benefits provision in the Time policy until the policy was terminated.

**9.** The parties have yet to argue or stipulate as to which state's law should be used to interpret the Time policy.

tion. Therefore, the question of Time's liability to the plaintiffs cannot be resolved at this point in the proceedings.

## IV. CONCLUSION

Massachusetts Mutual's request for a declaratory judgment that it is not liable to the plaintiffs for extended benefits coverage will be granted on the alternative grounds stated in this opinion. Time's request will be denied. An order will be issued in accordance with this opinion.