**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| MARGOLIS EDELSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. N13C-09-161 ALR |
| | ) |
| ACHAIAN, INC., and WILLIAM HERIOT, | ) |
| | ) |
| Defendants. | ) |

**DECISION AFTER TRIAL**
**And ORDER OF JUDGMENT**

This lawsuit was filed on September 18, 2013 by Margolis Edelstein ("Plainitff") to recover payment from William Heriot ("Defendant")[1] for legal services rendered in connection with two Court of Chancery lawsuits.[2] The parties presented this case to the Court as fact-finder today, September 26, 2014. The Court heard the testimony of two witnesses and considered documentary evidence.

As fact-finder, the Court followed the direction that we regularly give to our juries when assessing the evidence and the credibility of witness testimony:

> I must judge the believability of each witness and determine the weight to be given to all trial testimony. I considered each witness's means of knowledge; strength of memory and opportunity for observation; the reasonableness or unreasonableness of the testimony; the motives actuating the witness; the fact, if it was a fact, the testimony was contradicted; any bias, prejudice or interest, manner of

---

[1] After Plaintiff sought a default judgment against Achaian Inc. Thereafter, Achaian Inc. filed for bankruptcy protection. Plaintiff filed a notice of partial dismissal of this action against Achaian Inc on December 31, 2013. Accordingly, trial proceeded against Heriot only.

[2] *Achaian Inc. v. Leemon Family, LLC*, C.A. No. 6261-CS and *Achaian Inc. v. Ira Leemon, George Stanbury, and Omniglow*, LLC, C.A. No. 6428-CS.

1

demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the believability of the testimony. After finding some testimony conflicting by reason of inconsistencies, I have reconciled the testimony, as reasonably as possible, so as to make one harmonious story of it all. To the extent I could not do this, I gave credit to that portion of testimony which, in my judgment, was most worthy of credit and disregarded any portion of the testimony which, in my judgment, was unworthy of credit.[3]

The Court finds that Herbert Mondros, Esquire was a credible witness. Mr. Mondros was candid and offered concessions even when those concessions were contrary to Plaintiff's interests. For example, Mr. Mondros readily conceded that Defendant was not a party to the contract.

On the other hand, the Court finds that Mr. Heriot was not a credible witness. His testimony at trial today was directly contrary to sworn evidence offered to other courts. For example, today he testified that he filed federal corporate tax returns on behalf of Achaian, Inc. but he filed a sworn affidavit with a California bankruptcy court stating that tax returns had not been filed. Also, with respect to at least two factual statements regarding his involvement with other business entities, Mr. Heriot's sworn testimony today was directly contrary to the sworn testimony he offered in the Court of Chancery. The Court rejects his testimony as unreliable.

---

[3] *Dionisi v. DeCampli,* 1995 WL 398536, at *1 (Del. Ch. June 28, 1995).

## 1. Breach of Contract

The first claim presented by Plaintiff is breach of contract. Plaintiff concedes that the parties to the contract did not include Defendant individually. Rather, Plaintiff contends that the now-bankrupt Achaian Inc. is a sham corporation and that Defendant is its alter-ego. However, this Court does not have jurisdiction to pierce the corporate veil.

Corporations protect the stockholders and officers against individual liability. An officer may not be held liable for breach of a corporate contract, unless the officer has signed the contract in his own capacity and not just as an agent for the corporation.[4] Consequently, a plaintiff who seeks to sue an officer of a corporation must pierce the corporate veil to do so. Piercing the corporate veil, however, is an argument that can be considered only in the Chancery Court.[5]

The Court therefore finds that Plaintiff has not established its claim of breach of contract against Defendant.

## 2. Conversion

The second claim on which Plaintiff seeks relief is conversion, which is the "act of dominion wrongfully exerted over the property of another, in denial of his

---

[4] *See Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("Delaware law clearly holds that officers of a corporation are not liable on corporate contracts as long as they do not purport to bind themselves individually." (citations omitted)).

[5] *Sonne v. Sacks*, 314 A.2d 194, 197 (Del. 1973).

right, or inconsistent with it."[6] A claim of conversion is proper if the plaintiff can establish that it made a demand for the property and the defendant refused to deliver.[7]

Plaintiff presented evidence at trial that it made a demand for payment from Defendant for the legal fees it claimed were due and owing. There is no question that Defendant refused the demand. However, no evidence was presented sufficient for the Court to make a finding that Defendant exerted dominion over Plaintiff's property. The Court therefore finds that Plaintiff has not established its claim of conversion against Defendant.

### 3. Unjust Enrichment

The third claim on which Plaintiff seeks relief is unjust enrichment, which involves "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."[8] A claim of unjust enrichment is appropriate in the absence of a governing contract.[9] To award a remedy for unjust enrichment, this Court looks for proof of (1) an enrichment, (2) an impoverishment, (3) a relation

---

[6] *Triton Const. Co. v. E. Shore Elec. Servs., Inc.*, 2009 WL 1387115, at *24 (Del. Ch. May 18, 2009) *aff'd*, 988 A.2d 938 (Del. 2010) (citations omitted).
[7] *Id. See also* CIT Comm. Finance Corp. v. Level 3 Comm., LLC, 2008 WL 2586694, at *2 (Del. Super. June 6, 2008); *Drug, Inc. v Hunt*, 168 A. 87, 94 (Del. 1933).
[8] *Triton Const. Co.*, 2009 WL 1387115, at *24 (quoting *Schock v. Nash*, 732 A.2d 217, 232 (Del. 1999)).
[9] *See Tolliver v. Christina School Dist.*, 564 F. Supp. 2d 312, 316 (D. Del. 2008).

between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law.[10]

The record evidence established that Defendant received the benefit of legal services provided by Plaintiff acting on behalf of Defendant, as set forth by example in the August 30, 2012 letter presented at trial (Defendant's Ex. 3). Defendant signed the Settlement Agreement and Release on his own behalf (Plaintiff's Ex. 16). This is especially significant given the timing of the resolution of the dispute vis-à-vis the presentation of Mr. Heriot's testimony in the Court of Chancery. Specifically, the lawsuits were resolved during the evening recess when Mr. Heriot was still on the witness stand subject to cross-examination. His testimony was not going well. Given the Court of Chancery's assessment of Mr. Heriot's credibility as set forth in the transcript offered as a evidence (Plaintiff's Ex. 26), it was clearly in Mr. Heriot's personal best interest to settle the cases.

In the case before the Court, Plaintiff presented substantial record evidence of the legal services provided and has demonstrated that Defendant personally benefitted by that legal representation. Defendant testified that he was personally invested in the dispute with the opposing parties in both Court of Chancery lawsuits. There is no legal justification for Plaintiff to fund the Court of Chancery

---

[10] *Triton Const. Co.*, 2009 WL 1387115, at *24 (citing *Fitzgerald v. Cantor*, 1998 WL 326686, at *5 (Del. Ch. June 16, 1998)).

litigation on behalf of Defendant. As noted, Plaintiff has no adequate remedy at law since Defendant was not a party to the contract. Plaintiff established that it is owed $62,057.37 for legal services provided.

Finally, Plaintiff has reserved the right to file a motion seeking an award of fees and costs. That motion will be addressed if and when it is presented.

**NOW, THEREFORE, JUDGMENT SHALL ENTER in favor of Plaintiff Margolis Edelstein and against Defendant William Heriot in the amount of $62,057.37 with pre-judgment and post-judgment interest at the legal rate until paid in full. Each party shall bear its own costs, fees, and expenses.**

**IT IS SO ORDERED this 26th day of September 2014.**

*Andrea L. Roanelli*
_____
**Hon. Andrea L. Rocanelli**