# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| L'TANYA GRAHAM, and<br>MARLAINE S. WILSON, as next<br>friend of GABRIEL NIEEM<br>WILSON, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | C.A. No. N15C-12-245 CLS |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE GOLF & TRAVEL,<br>LLC, d/b/a a Limited Liability<br>Company and GOLDCLUB<br>PARTNERS, LTD., a Delaware<br>Corporation, MICHAEL ROSE,<br>PML CLUBS, INC. and MICRO<br>MANAGEMENT GROUP, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

Date Submitted:  August 23, 2016
Date Decided:  January 20, 2017

On Defendant Michael Rose's Motion to Dismiss
Pursuant to Superior Court Civil Rule 12(b)(6).
**GRANTED**.

## **ORDER**

Beverly L. Bove, Esquire, and Vincent J.C. Hendrick, II, Esquire Wilmington, Delaware, Attorney for Plaintiffs L'Tanya Graham and Marlaine S. Wilson.

Michael Rose, pro se Defendant.

**SCOTT, J.**

Defendant, Michael Rose, moves this Court to dismiss him as a Defendant in the present action pursuant to Superior Court Civil Rule 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

## Background

Plaintiffs L'Tanya Graham is the mother of decedent William O. Brown (hereinafter "Mr. Brown") and Plaintiff Marlaine S. Wilson is the parent of Gabriel Nieem Wilson, Mr. Brown's minor child respectively. On November 16, 2015, Mr. Brown was an invitee at The Gold Club located at 1031 South Market Street, Wilmington, Delaware 19802. Mr. Brown was shot in the bathroom by an unknown patron. Plaintiffs filed a Complaint with this Court on December 30, 2015. Plaintiffs plead intentional, willful and wanton, reckless, and negligent conduct against all Defendants, as well as a wrongful death action against all Defendants, including Defendant, Michael Rose (hereinafter "Mr. Rose"). Plaintiffs plead that Kent Manor, Inc., a Delaware corporation owned the property where the incident occurred, 1031 South Market Street, Wilmington, Delaware 19802.[1] Similarly, Defendant PML Clubs, Inc. is the owner of Defendant Delaware Golf and Travel, LLC, d/b/a The Gold Club. Consequently, Mr. Rose is the owner and operator of Kent Manor, Inc. and Defendant, PML Clubs Inc. In

---

[1] Kent Manor, Inc. was dismissed from the case *sub judice* without prejudice.

2

March 2016 this Court entered a Final Abatement Order and The Gold Club was closed.

## Standard of Review

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[2]  In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[3]  The complaint must be without merit as a matter of fact or law to be dismissed.[4]  Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[5]

## Discussion

Defendant Michael Rose contends that a Motion to Dismiss is proper because Plaintiffs seek to pierce the corporate veil and hold Mr. Rose individually liable for the wrongful death of Mr. Brown.  Mr. Rose argues that Plaintiffs have

---

[2] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

[3] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).

[4] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del.1970).

[5] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).

not plead facts to demonstrate that he was present at the time of the incident or participated in the events which caused Mr. Brown's death. Plaintiffs seem to argue that Mr. Rose is liable for the wrongful death of Mr. Brown under two theories. First, Plaintiffs contend that Mr. Rose himself acted willfully, recklessly, and intentionally because at the time of Mr. Brown's death he operated illegal activities through his business PML Clubs, Inc.[6] Second, Plaintiffs argue that Mr. Rose is liable under the theory that Mr. Rose willfully, recklessly, and intentionally failed to train, supervise and monitor The Gold Club staff and premises, fully aware of the unremitting criminal activity and previous injured patrons prior to Mr. Brown's death.

Mr. Rose's Motion to Dismiss is proper. Plaintiffs failed to plead facts in either their original Complaint or Amended Complaint demonstrating that Mr. Rose participated in, or was involved with, the incidents surrounding Mr. Brown's death. Mr. Brown was shot by an unknown invitee in the bathroom of The Gold Club, and even accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in favor of the Plaintiffs, no evidence exists demonstrating that Mr. Rose was a party involved in this shooting. To address Plaintiffs' second argument, as a matter of law this Court does not have

---

[6] Plaintiffs cite to three online news articles stating that Mr. Rose plead guilty to racketeering, money laundering, and conspiracy to distribute cocaine in an action in the Northern District of California.

4

jurisdiction to pierce the corporate veil of Defendant, PML Clubs, Inc. to hold Mr. Rose personally liable for his alleged tortious conduct. Under Delaware Law, "[t]he personal participation doctrine stands for the idea that, in certain situations, an officer in a corporation can be held liable for his own wrongful acts."[7] Thus, a court may impose liability on "corporate officers for torts which they 'commit, participate in, or inspire, even though the acts are performed in the name of the corporation.'"[8] Furthermore, "individual liability attaches only where an officer 'directed, ordered, ratified, approved, or consented to' the tortious act in question."[9] However, "only the Chancery Court may preside over an action to pierce the corporate veil."[10] Thus, this Court may not determine whether Mr. Rose is individually liable for Mr. Brown's wrongful death through alleged tortious acts performed in the name of the corporation. For the foregoing reasons, Defendant Michael Rose's Motion to Dismiss is **GRANTED**. **IT IS SO ORDERED**.

*/s/ Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**

---

[7] *Brasby v. Morris*, 2007 WL 949485, at *8 (Del. Super. Ct. Mar. 29, 2007) (citing *Brandt v. Rokeby Realty Co.*, 2004 WL 2050519, at *26 (Del. Super. Ct. Sept. 8, 2004)).

[8] *Brasby*, 2007 WL 949485, at *8 (quoting *Heroemus v. Ulrick,* 1997 WL 524127 (Del. Super. Ct. July 9, 1997)).

[9] *Brasby*, 2007 WL 949485, at *8 (citing *Brandt,* 2004 WL 2050519, at *26); *see also Feeley v. NHAOCG, LLC*, 62 A.3d 649, 667 (Del. Ch. 2012) (stating that "Courts also may use piercing to benefit tort claimants, who additionally can recover from the individuals who committed the tort.").

[10] *Vepco Park, Inc. v. Custom Air Servs., Inc.*, 2016 WL 1613654, at *3 (Del. Super. Ct. Feb. 25, 2016); *see also Sonne v. Sacks*, 314 A.2d 194 (Del. 1973) (stating that "piercing the corporate veil may be done only in the Court of Chancery, when the purpose of the action is to obtain a judgment against individual stockholders or officers").

5